## Commonwealth *v.* Central National Bank, Appellant.

*Taxation—Alternative methods—Apportionment of tax—Banks —Stock—Acts of July 15, 1897, P. L. 292, and May 2, 1925, P. L. 497—Statutes—Repeal.*

1. Where a statute contains no express repeal of an earlier act, such result will be implied as to a portion of the earlier act omitted by the reënactment.

2. A statute relating to the assessment and collection of annual taxes which repeals former laws on the same subject, does not abolish all rights and remedies under the repealed acts, if the legislative intent not to abolish them appears.

3. The Act of July 15, 1897, P. L. 292, relating to the annual tax on bank stock, provided three distinct and alternative methods of levying the tax: 1st, an annual statement to be filed on June 20th in each year, making the tax payable at four mills on the actual value of the stock if paid forty days thereafter, 2d, permitting the payment before March 1st, at the same rate on actual value, in which case exemption from local tax was given, and 3d, if paid before the same date, on the basis of ten mills on par value, with like exemption.

4. The Act of May 2, 1925, P. L. 497, in reënacting the bank tax provision of the Act of 1897, omitted the third alternative and substituted another method in its place, but provided that the Act of 1925 should not go into effect until January 1, 1926.

5. Where a bank made its return under the third alternative of the Act of 1897, and on March 1, 1925, paid a tax at the rate of ten mills on the par value of its stock for the fiscal year ending June 30, 1925, it may, on January 26th following, tender its check for a sum sufficient to pay on the ten mills basis for the entire year ending January 1, 1926, when the Act of May 2, 1925, became effective.

6. The method of settlement provided by the Act of 1897, was not merely an exception, but was one of three alternative methods of taxation.

7. The tax year began on June 21, 1925, and the amount payable accrued from day to day under the provisions of the existing Act of 1897, and continued to be assessable under that act until January 1, 1926, inasmuch as the tax was apportionable.

Argued May 21, 1928. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 11, May T., 1928, by defendant, from judgment of C. P. Dauphin Co., Commonwealth Docket, 1927, for plaintiffs, on appeal from tax settlement, in case of Commonwealth v. Central National Bank. Reversed.

Appeal from tax settlement. Before HARGEST, P. J., WICKERSHAM and FOX, JJ.

The opinion of the Supreme Court states the facts. Judgment for Commonwealth. Defendant appealed.

*Error assigned,* inter alia, was judgment, quoting record.

*Ira Jewell Williams, Jr.,* of *Brown & Williams* and *William S. Snyder,* of *Snyder, Miller & Hull,* for appellant.—The Act of May 2, 1925, P. L. 497, ought not to be applied retroactively: Com. v. Mortgage Trust Co.; 227 Pa. 163; United States v. Heth, 3 Cranch 399; Llewellyn v. Frick, 268 U. S. 238; Schwab v. Doyle, 258 U. S. 529.

The right to pay on the ten-mill basis was not an exception: Gould v. Gould, 245 U. S. 153.

The only act under which defendant can be taxed for the period in question is the Act of 1897.

*Philip S. Moyer,* Deputy Attorney General, with him *Leon D. Metzger,* Deputy Attorney General, and *Thomas J. Baldrige,* Attorney General, for appellee.—The appellant bank, failing to elect to pay and also to pay, on or before December 31, 1925, a tax of ten mills on the dollar upon the par value of its capital stock, subscribed for or issued, is liable to a tax of four mills upon each dollar of the actual value of said stock for the period from June 21, 1925, to June 20, 1926: Pearsall v. Ry., 161 U. S. 646.

The Act of May 2, 1925, P. L. 497, is not retroactive: Com. v. Mortgage Trust Co., 227 Pa. 163; Kraus v. Phila., 265 Pa. 425.

OPINION BY MR. JUSTICE SADLER, June 30, 1928:

The Central National Bank has been engaged in business in the City of Philadelphia for many years. During the period involved in the present controversy its capital stock has consisted of 12,500 shares, having a par value of $100 each, with an actual worth of $553. It made returns from year to year to the auditor general

for taxation purposes, and had paid at the rate of ten mills on the par value for the fiscal year ending June 30, 1925, as permitted by the Act of 1897 (July 15th, P. L. 292), making its settlement prior to March 1st, thus securing exemption from local taxation. The statute referred to followed the plan of those preceding in authorizing alternative methods to determine the amount of liability. Thus, the Act of June 8, 1891 (P. L. 229), provided for payment of eight mills on the par value of bank stock, if paid prior to March 1st of each year, in which case exemption from local taxation followed, or, in lieu thereof, a tax of four mills was placed on the actual value in the hands of the holders.

The Act of 1897 increased the levy where based on par, but permitted the selection of similar options. It directed an annual statement to be filed at the same time (June 20th in each year), making the tax payable at four mills on actual value if paid forty days thereafter; or, secondly, permitted the payment before March 1st at the same rate on actual value, in which case exemption from local tax was given, and, thirdly, if paid before the same date, on the basis of ten mills on par value, with like exemption. All three methods are designated in the same section, the second being preceded with the phrase "provided further," and the third with the word "except," but the clear intention was to provide distinct ways of satisfying the annual liability to the Commonwealth, either one of which could be taken advantage of. As was said by this court, in discussing the Act of 1907 (June 13th, P. L. 640), relating to trust companies; "This act [of 1891] provided alternative methods of levying a tax on bank shares," and the later act (of 1897), remedial in character, was passed to correct some of the inequalities concerning the manner of determining actual value, when necessary: Com. v. Mortgage Trust Co., 227 Pa. 163, 176. It did not alter the general plan of fixing different methods, either of which could be used in settlement.

In 1925 (Act May 2, 1925, P. L. 497), the only portion of the Act of 1897 relating to banks (section 1) was amended and reënacted verbatim, omitting, however, the third plan of settlement, above referred to, as defined in these words: "Except, however, that any bank or savings institution incorporated as aforesaid, in lieu of the method hereinbefore set out for ascertaining the actual value of the shares of capital stock thereof, may elect to collect annually from the stockholders thereof a tax of ten mills on the dollar upon the par value of all shares of said bank that have been subscribed for or issued, and pay the same into the State treasury on or before the first day of March in each year." Section 2 provided: "This act shall take effect on the first day of January, one thousand nine hundred and twenty-six." There was no express repeal of the earlier statute, but this result was implied as to the portion omitted by the reënactment: Johnston's Est., 33 Pa. 511; Reeves's App., 33 Pa. Superior Ct. 196.

Shortly after the passage of this new legislation the Central National Bank made inquiry of the auditor general's department as to its right to make payment for the balance of the calendar year on the basis of the par value of its capital stock, and was advised that the matter was then under consideration, and information as to the course to be pursued would be given later. No further instructions were furnished, as promised, but this failure of the Commonwealth's officers cannot be held to prejudice any rights which the State may have to collect: Delaware Div. Canal Co. v. Com., 50 Pa. 399. Other banking institutions filed reports after June 20, 1925, but prior to January 1, 1926, for the fiscal year ending the following June, and, in these cases, settlements were made for the full period on the basis of ten mills on the par value of capital stock, and the tax assessed paid.

On January 7, 1926, request was made by defendant for blanks so that the appropriate statements could be

completed prior to March 1st, the date designated by the Act of 1897 for making report and payment, if the third plan of settlement was to be adopted, but appellant was advised that its delay in proceeding prior to January 1st was a bar to further application of the prior statute. Its payment of the full amount, on the ten-mill basis, was refused on January 26th. Later, the bank tendered an additional sum, covering the further claim due if tax was charged on actual value from January 1st to June 20, 1926, but refused to pay on that plan from June 20, 1925, to January 1, 1926. On appeal from the settlement made by the Commonwealth, the court entered judgment for the full claim, with interest and commissions, less sums already advanced by defendant, and this appeal followed.

The Act of 1925 expressly provided that it should not become operative until January 1, 1926. Such legislation was prospective in its nature, and the provisions of the Act of 1897 were clearly applicable until the date fixed. "We think the sound rule is, especially as to acts which provide for the assessment and collection of annual taxes, that a statute repealing former laws on the same subject does not abolish all rights and remedies under the repealed acts, if the legislative intent not to abolish them appears": Com. v. Mortgage Trust Co., supra, p. 183. That a repealing statute, so far as it provides for a change of procedure, may and does apply to actions pending, is a proposition which will not be disputed, for no one can claim a vested right in a particular mode of procedure for an enforcement or defense of his rights, but the act before us cannot be so classed. "It is entirely competent for the legislature to make changes, and impose liability where none was before, but legislation of this kind cannot operate retrospectively, but must be confined to future occurrences": Lewis v. P. R. R. Co., 220 Pa. 317, 323; Bryson v. Hines, 268 Fed. 290.

It is clear that the Act of 1897 was in force until January 1, 1926, and prior thereto the appellant could have

made a report to that date and paid its tax on the basis of ten mills of the par value of its stock, as was actually done by other institutions. Its right to do so was fixed, but the obligation to actually secure a formal settlement and pay on this plan did not expire until March 1st, the date fixed in the Act of 1897, under which its right was asserted. Had it delayed in tendering payment beyond that time, its privilege would have been lost (Com. v. Clairton Steel Co., 229 Pa. 246), but on January 26th, it sent its check for a sum sufficient to pay for the entire year on the ten-mill basis. Plainly it would have been entitled to a proper adjustment of its tax, and to pay under the earlier act prior to the date of its effective repeal, for such a charge is apportionable (Com. v. Mortgage Trust Co., supra), and, under its terms, no such satisfaction was required until March, prior to which date the bank acted.

In reaching a contrary conclusion the learned court below stressed the fact that the main purpose of the Act of 1897 was to lay a tax of four mills of the actual value of the stock, as is true of the amending Act of 1925, and that the allowance of the right to pay ten mills on par, if made prior to March, was an option, which fell as a matter of law when the amending act became effective. This is generally the rule of construction to be applied in the case of statutory exceptions later repealed, as held in Butler v. Palmer, 1 Hill 324, relied on below. We cannot agree, however, that the method of settlement provided by the Act of 1897 was merely an exception, but, on the contrary, was one of three alternative methods of taxation fixed, as recognized by this court in Com. v. Mortgage Trust Co., supra. In the Act of 1891 the flat tax on par value is named first, and the optional method, based on actual value, second. In that of 1897, the latter is named first, followed by the other two, introduced by the words "provided further," and "except." These expressions are frequently used, as here, not as qualifying the operation of the statute, but as conjunc-

tive to an independent paragraph: Georgia R. & Banking Co. v. Smith, 128 U. S. 174; 25 R. C. L. 985, 988.

So construed, we have in this case an act providing, in what must be considered a special clause, for a settlement on the basis of par value, if the report is made and tax paid between June 21st and March 1st, and a repeal of this provision not to be effective until the intervening January. Under such circumstances, the legislative right to pay on the permitted basis to that time existed, and the company performed its duty if it tendered settlement prior to March 1st. To hold otherwise would be to make the Act of 1925 retrospective as to the period from June 20, 1925, to January 1, 1926, when it was expressly declared not to be effective until the later date.

The tax year began on June 21, 1925, and the amount payable accrued from day to day under the provisions of the existing Act of 1897, and continued to be assessable under that act until January 1, 1926, for such a tax is apportionable. Nothing then remained to be done but report and pay, the time for doing which was fixed as March 1st following. The annuling Act of 1925 did not purport to fix the tax for the period prior to the first of the year, but only for the period thereafter. Had the taxpayer been compelled by the Act of 1897 to take some affirmative action before January 1, 1926, the effective date of the repeal, then a failure to so proceed would have deprived it of power to invoke its provisions thereafter, and the rulings in Butler v. Palmer, supra, and Kraus v. Phila., 265 Pa. 425, would control, but there was no such duty imposed, the report and payment not being required until the following March.

Defendant's liability for a tax, based on actual value after January 1st, is not here contested. It has paid the full sum due on the basis of ten mills on par value to January 1st, and four mills on actual value for the balance of the year. It follows that the judgment for the Commonwealth was erroneous.

The judgment is reversed and here entered for defendant.