## Commonwealth, Appellant, *v.* A. M. Byers Company.

556

Argued January 18, 1943. Before MAXEY, C. J.; DREW, LINN, STERN, PATTERSON, PARKER and STEARNE, JJ.

reargument refused May 10, 1943.

*Frank A. Sinon,* Deputy Attorney General, with him *E. Russell Shockley,* for appellant.

*William M. Young,* for appellee.

OPINION BY MR. JUSTICE ALLEN M. STEARNE, March 29, 1943:

This is an appeal from a judgment rendered against the Commonwealth and in favor of a Pennsylvania manufacturing corporation with respect to the corporation's capital tax liability for the year 1935.

Section 1 of the Act of May 16th, 1935, P. L. 184 (72 PS Section 1892) removed the capital stock tax exemption of corporations organized exclusively for manufacturing purposes and actually carrying on manufacturing within the state as provided by Section 21 of the Act of June 1, 1889, P. L. 420. The Act of 1935, supra, imposed a tax of five mills upon each dollar of the actual value of the capital stock of such corporations "on reports filed for the calendar years one thousand nine hundred and thirty-five and one thousand nine hundred and thirty-six, or for the *fiscal years beginning in the calendar years one thousand nine hundred and thirty-five and one thousand nine hundred and thirty-six.*"

The Fiscal Code of April 9, 1929, P. L. 343, Section 702, as amended by the Act of June 1, 1931, P. L. 318, Section 1 (72 PS Section 702) provided, that upon petition, the Department of Revenue, "*may* permit" a corporation to make its capital stock tax reports upon a *fiscal year* basis instead of a *calendar* year basis, if it so reports to the United States Government.

According to the findings of fact, which are not disputed, the appellee corporation, for many years, had been accustomed to report to the Department of Revenue upon a *calendar* year basis, but to the federal authorities upon a *fiscal* year basis. It filed its report to the Commonwealth upon a *calendar* year basis for the year ending *December 31, 1934.*

On November 16, 1935, the corporation petitioned the Department for permission to change its reporting from a calendar basis to a *fiscal* basis, to wit, as of September 30, of each year. On November 22, 1935, such permission

was granted. On December 30, 1935, the Department received from the corporation a report, as required by the Fiscal Code, for the interval from January 1, 1935, to September 30, 1935. In this report, total exemption from the capital stock tax was claimed, upon the theory that the taxpayer had been granted permission to report upon the basis of a fiscal year *beginning* in 1934 and therefore had, under the statute, no tax liability until the fiscal year beginning in 1935. On February 28, 1936, the Department notified the corporation that the permission granted November 22, 1935, to change from calendar to fiscal year reports was revoked, and the report was returned. Under protest, the corporation then filed its report for the calendar year 1935, upon which the whole tax was assessed. From the settlement by the Department, affirmed by the Auditor General, an appeal was taken to the Court of Common Pleas of Dauphin County.

The trial judge decided, after hearing, that the Department's ruling as to changing from a calendar to a fiscal year for reporting was *permissive* and not mandatory under the Fiscal Code, and that the Secretary of Revenue possessed the discretion to revoke the permission.

Upon exceptions to the decree nisi, a petition to amend the record by stipulation was presented and allowed. The agreed facts so introduced, were that all fiscal year permits granted to manufacturing corporations *after* January 1, 1935, had been revoked, whereas no fiscal year permits granted *prior* thereto had been revoked, with the result that in the latter cases the exemption had been allowed for fiscal years ending in 1935. The court below thereupon reversed its former position, holding that to permit such difference amounted to unconstitutional discrimination; that this taxpayer should be allowed exemption for the first nine months of 1935; that the Commonwealth was in error in revoking the permit for fiscal year reporting and in demanding a

calendar year report for 1935, under which the settlement herein involved was made. It ruled that no settlement should have been made upon this report, and that no tax was due thereon. This appeal followed.

The terms of the Act of 1935, supra, may be susceptible of two constructions. One is that the Act repealed the exemption for the years 1935 and 1936, and that therefore, on whatever report which might thereafter be filed—whether calendar or fiscal—no exemption should be allowed for those years. The other construction is that where fiscal reporting had theretofore been permitted, and such fiscal period extended into the year 1935, such exemption was allowable in 1935, until the ending, in that year, of such fiscal period. We are relieved from passing upon this question, and expressly refrain from so doing, because of the facts of the particular case now before us.

This corporation had already filed its report for the entire calendar year 1934. Its tax exemption ended on the last day of that year. It commenced the year 1935 upon a calendar year basis and so continued for more than eleven months. The briefs and verbal arguments *assumed* that the petition to change to a fiscal basis was to operate retroactively. An examination of the record reveals, however, that this is *not* the fact (P. 23 a et seq. also stipulation P. 129 a). When the corporation petitioned the Department for leave to change its method of reporting to a fiscal year basis, it did *not* request permission to do so *retroactively.* The Department did not grant such permission. It merely authorized the corporation to report "as of the 30th day of September in each year." Obviously, the permission was *prospective.* The corporation's first fiscal year would thus embrace the period *beginning October 1, 1935,* and *ending September 30, 1936.* We cannot comprehend that a purported change to a fiscal year basis late in 1935, after the corporation had completed all of 1934 on a calendar year basis, would relate back to September

30, 1934, including a period of three months for which it had already reported.

The Fiscal Code, Section 702, supra, as amended, provided that the intervening period from the close of the last calendar year to the inception of the first fiscal year should be covered by the first report of the taxpayer after the change, and that the Department should settle the tax for such intervening period "at the proportionate annual rate provided by law." Had the permission not been revoked, this taxpayer would have been obliged to pay, on its first report after the change, the five mills tax for the nine months intervening period, and thereafter would have reported and paid the tax on the basis of its fiscal year commencing in 1935.

Even if it had been, as the taxpayer contends, the intention of the Department to permit it to report for a fiscal year beginning in 1934, such permission could not have been granted lawfully, if it would have had the effect of exempting this corporation from a liability already accrued under the Act of 1935. It was manifestly the intention of the legislature to tax all manufacturing corporations on their capital stock from the first day of January, 1935, excepting possibly only those corporations which had not reported for 1934 on a calendar year basis. No administrative officer or body, exercising discretion conferred by the legislature, is vested with the power to abrogate the statute law of the Commonwealth, or to grant to individuals an exemption from the general operation of the law. See *Delaware Division Canal Co. v. Commonwealth,* 50 Pa. 399; *Com. v. Quaker City Cab Co.,* 287 Pa. 161; *Commonwealth v. Central Nat. Bank,* 293 Pa. 404. The legislature certainly did not intend that the discretionary power of the Department under the Fiscal Code could be so used as to nullify a tax, imposed during a period of emergency in the financial affairs of the Commonwealth, by granting to corporate taxpayers, at the eleventh hour, permission to change their method of reporting and by so doing avoid liability.

The authority in the Department to permit changes in the method of reporting for tax purposes was clearly discretionary under the Fiscal Code. The Act of 1929, as amended in 1931, provided that, upon certification by a corporation that it reported to the Federal taxing authorities upon a fiscal year basis, "the Department of Revenue *may* permit such corporation . . . to make any capital stock report . . ." upon the same basis for taxes levied by the Commonwealth. The word "may" clearly implies discretionary power. The language is permissive, rather than mandatory. This is apparent, also, from the fact that in the amendment of the section by the Act of February 2, 1937, P. L. 3, Section 1, which makes it mandatory that corporations reporting to the United States upon a fiscal year basis report upon the same basis for State taxation, the word *"shall"* was employed by the legislature.

If, as appellee contends, the Department granted it permission to file its capital stock tax report for a fiscal year commencing in 1934, thereby exempting it from the tax for the first nine months of 1935, such grant of permission would have been a clear abuse of discretion, and could be subsequently revoked. It is well settled that no estoppel can be asserted against the State in the exercise of its taxing power; *(Cumberland County v. Lemoyne Trust Co.,* 318 Pa. 85; 98; *New Castle City v. Withers,* 291 Pa. 216, 219, 220), and neither the granting nor withholding of permission by the Commonwealth's agents could affect the corporation's liability for taxes clearly imposed by law. As the corporation was liable for the tax for the entire twelve-months' period of 1935, it was not prejudiced nor harmed in any way by the revocation. There was, therefore, no violation of the State and Federal Constitution by the action of the Department.

The judgment of the court below is reversed and here entered in favor of appellant.