**[J-11A-2016 and J-11B-2016]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**MIDDLE DISTRICT**

**SAYLOR, C.J., BAER, TODD, DONOHUE, DOUGHERTY, WECHT, JJ.**


| | | |
|---|---|---|
| A. SCOTT ENTERPRISES, INC., | : | No. 55 MAP 2015 |
| | : | |
| Appellee | : | Appeal from the Order of the |
| | : | Commonwealth Court at Nos. 2163 & |
| | : | 2289 CD 2013 dated October 21, 2014, |
| v. | : | reconsideration denied December 5, |
| | : | 2014, affirming in part and reversing in |
| | : | part the Order of the Lehigh County |
| CITY OF ALLENTOWN, | : | Court of Common Pleas, Civil Division, |
| | : | at No. 2011-C-2818 dated November |
| Appellant | : | 22, 2013, and remanding. |
| | : | |
| | : | ARGUED: November 18, 2015 |
| | : | RESUBMITTED: January 20, 2016 |
| | | |
| A. SCOTT ENTERPRISES, INC., | : | No. 56 MAP 2015 |
| | : | |
| Appellee | : | Appeal from the Order of the |
| | : | Commonwealth Court at No. 379 CD |
| | : | 2014 dated October 21, 2014, |
| v. | : | reconsideration denied December 5, |
| | : | 2014, affirming in part and reversing in |
| | : | part the Order of the Lehigh County |
| CITY OF ALLENTOWN, | : | Court of Common Pleas, Civil Division, |
| | : | at No. 2011-C-2818 opinion filed |
| Appellant | : | February 28, 2014, and remanding. |
| | : | |
| | : | ARGUED: November 18, 2015 |
| | : | RESUBMITTED: January 20, 2016 |

**JUSTICE DOUGHERTY**                                    **DECIDED: July 19, 2016**

In this discretionary appeal, we consider whether an award of a statutory penalty and attorney fees under the prompt payment provisions of the Commonwealth's Procurement Code, *see* 62 Pa.C.S. §3935, is mandatory upon a finding of bad faith, irrespective of the statute's permissive phrasing. We hold such an award is not mandatory, and therefore reverse the order of the Commonwealth Court and remand the case to the trial court for proceedings consistent with this Opinion.

Appellant City of Allentown (City) contracted with appellee A. Scott Enterprises, Inc. (ASE), to construct a new public road.[1] After arsenic-contaminated soil was discovered at the worksite, the City suspended work on the project. Following testing, it was determined construction could resume if precautions were taken. Accordingly, the City instructed ASE to obtain revised permits and proceed with the project. However, the existing contract did not include terms regarding the potential for contaminated soil, despite the fact the City was aware there might be contamination prior to entering into the contract, and ASE declined to proceed, explaining it would incur substantial additional costs due to the contaminated soil. The parties made several attempts to reach an agreement in which ASE would continue the construction, but to no avail. Consequently, ASE sued the City to recover its losses on the project, alleged breach of contract, and sought compensation under theories of *quantum meruit* and unjust

---

[1] The Commonwealth's Procurement Code, and more specifically, its provisions relating to prompt payment for public works contracts entered into by a government agency, apply to the project. *See, e.g.*, 62 Pa.C.S. §§3931-3939 (prompt payment schedules).

enrichment, as well as interest and a statutory penalty and fee award for violations of the prompt pay provisions of the Procurement Code.

After a trial, a jury found the City breached its contract with ASE and also withheld payments in bad faith. Trial Court Opinion at 28 & n.5.[2] Both parties filed post-trial motions. The City requested the trial court to enter judgment in its favor or grant a new trial with respect to ASE's breach of contract claims, as well as enter judgment in its favor or grant a new trial with respect to ASE's Procurement Code claim. The City argued there was insufficient evidence of bad faith to pose that issue to the jury, while ASE's motion sought a statutory penalty and attorney fees for bad faith pursuant to Section 3935 of the Procurement Code. Section 3935 provides, in relevant part:

> **(a) Penalty**.--If arbitration or a claim with the Board of Claims or a court of competent jurisdiction is commenced to recover payment due under this subchapter and it is determined that the government agency . . . has failed to comply with the payment terms of this subchapter, . . . the arbitrator, the Board of Claims or the court **may** award, in addition to all other damages due, a penalty equal to 1% per month of the amount that was withheld in bad faith. An amount shall be deemed to have been withheld in bad faith to the extent that the withholding was arbitrary or vexatious. . . [.]
>
> **(b) Attorney fees**.--Notwithstanding any agreement to the contrary, the prevailing party in any proceeding to recover any payment under this subchapter **may** be awarded a reasonable attorney fee in an amount to be determined by the Board of Claims, court, or arbitrator, together with expenses, if it is determined that the government agency . . . acted in bad

---

[2] The jury verdict slip included Question 4: "Do you find by a preponderance of the evidence that the City of Allentown withheld payments due A. Scott Enterprises in bad faith?" N.T. 1/22/13-1/31/13 at 1413. The court instructed the jury on bad faith as follows: "An amount shall be deemed to have been withheld, in bad faith, to the extent that the withholding was arbitrary or vexatious. An amount shall not be deemed to have been withheld in bad faith, to the extent that it was withheld pursuant to withholding of payment for deficiency items according to the contract." *Id*. at 1418. The court did not further define "arbitrary or vexatious."

faith. An amount shall be deemed to have been withheld in bad faith to the extent that the withholding was arbitrary or vexatious.

62 Pa.C.S. §3935 (emphases added).[3] The court did not rule on the post-trial motions within 120 days and, on praecipe filed by ASE on November 22, 2013, judgment was entered on the jury's verdict of $927,299.00. *See* Pa.R.C.P. 227.4(1)(b) (prothonotary shall, upon praecipe of party, enter judgment upon jury verdict if post-trial motions are filed and court does not dispose of all motions within 120 days of first motion; judgment entered is final).[4] Both parties appealed to the Commonwealth Court.

In its Pa.R.A.P. 1925(a) opinion, as relevant to this appeal, the trial court stated although there was sufficient evidence of bad faith to submit that question to the jury, the court nevertheless retained discretion to deny an award. The court explained its decision on both points as follows:

> [T]he City admitted that it would not release or terminate the Contract with ASE until ASE came up with the right price. The City refused force accounts.[5] The City did not direct ASE to demobilize or to resume work unconditionally on forced account. There was never a writing authorizing the additional work and compensation as required by the City's Contract. Furthermore, the City knew or should have known that the recommended soil testing was not performed. The City's Engineer, . . .and Lehigh County Conservationist recommended the soil testing due to the likelihood

---

[3] Although the statute provides for "expenses" as well as a penalty and attorney fees, the parties argue largely only in terms of penalty and attorney fees. The imprecision is of no moment to our decision, and we will follow the parties' preferred expression.

[4] The City's post-trial motion was filed on February 6, 2013, and ASE's was filed two days later. The court heard argument on July 12, 2013. The parties do not raise any challenge deriving from the manner of entry of judgment on the verdict.

[5] "Force account work is work that goes beyond that set forth in the contract and is generally paid on a time and material basis." *A. Scott Enterprises, Inc. v. City of Allentown*, 102 A.3d 1060, 1063 n.1 (Pa. Cmwlth. 2014), *citing Green Construction Co. v. Dep't of Transp.*, 643 A.2d 1129, 1131 n.1 (Pa. Cmwlth. 1994).

of contaminated soil. Moreover, PennDOT agreed to do the test. Nevertheless, no one tested or verified testing prior to contracting with ASE. Furthermore, the City failed to include terms or conditions providing for contaminants in their contract. Additionally, the City never disclosed to ASE that soil testing was recommended, but never completed. [The suspension of work on the Contract] could have been avoided if the City had followed through with PennDOT, and accepted the recommendations of [the Engineer and Conservationist]. There was sufficient evidence to send the question of bad faith to the jury. At the same time, it is within the discretion of this [c]ourt to award penalty, attorneys' fees and interest. Given the conflicting testimony as to damages presented by ASE, the request for such award is denied.

Trial Court Opinion, 2/28/14, at 32-33.[6]

In the Commonwealth Court, each party raised multiple issues. As relevant here, the City claimed the trial court erred in submitting the Procurement Code bad faith issue to the jury because ASE failed to prove the claim. ASE disputed that assertion and, in its cross-appeal, claimed the trial court erred in failing to award a statutory penalty and attorney fees premised upon the jury finding of bad faith. Specifically, in ASE's view, such an award under Section 3935 is mandatory where a jury finds a government agency acted in bad faith. ASE argued the trial court improperly set the jury's finding of bad faith aside and substituted its own judgment; while acknowledging the amount of a Section 3935 award is discretionary, ASE asserted the trial court could not deny outright a penalty and attorney fees where bad faith was established.

The City responded by noting ASE's complaint about the denial of a Section 3935 award arose in an unusual procedural posture because the taking of judgment precluded the trial court from deciding the claim prior to appeal. The City then disputed

---

[6] The court filed two opinions, in response to duplicate appeals filed by ASE. The second opinion, filed on May 29, 2014, incorporated the February 28, 2014 opinion in its entirety. *A. Scott Enterprises,* 102 A.3d at 1064 n.3; ASE's Brief at 8.

ASE's view of the statute, stressing the discretionary nature of the statutory language. The City asserted ASE's issue, properly framed, was whether the trial court abused its discretion in failing to award a penalty and fees. In the City's view, ASE's contrary reading ignored the right to a Section 3935 award is created and controlled by the statute, and the statute does not vest a jury with the ultimate power to issue an award. The City also argued the trial court did not abuse its discretion in denying an award because the amount sought by ASE was, by ASE's own admission, incorrect; the City claimed it was within the court's discretion to conclude the non-payment of those amounts was neither arbitrary nor vexatious.

In a published decision, the Commonwealth Court agreed with ASE's reading of the statute, notably opining:

> The purpose of the Procurement Code is to "level the playing field" between government agencies and contractors. It advances this goal by requiring a government agency that has acted in bad faith to pay the contractor's legal costs, as well as an interest penalty. Otherwise, the finding of bad faith is a meaningless exercise with no consequence for the government agency found to have acted in bad faith.

*A. Scott Enterprises, Inc. v. City of Allentown*, 102 A.3d 1060, 1070 (Pa. Cmwlth. 2014) (internal citation omitted). Relying in part on Missouri case law, the court concluded Section 3935 "requires the imposition of attorney's fees and the statutory penalty upon a jury's finding of bad faith," reversed the trial court's "refusal to consider" an award, and remanded to the trial court for a hearing to determine, within its discretion, the amount of the penalty and attorney fees to be awarded. *Id*., *citing City of Independence v. Kerr*

*Construction Paving Co.*, 957 S.W.2d 315 (Mo. Ct. App. 1997).[7] The City's application for reargument *en banc* was denied.

Upon petition by the City, this Court granted allowance of appeal to address whether "a jury finding of bad faith require[s] the trial court to impose a statutory penalty and award attorney fees under" Section 3935, while denying review of other issues raised in the City's petition for allowance of appeal. *A. Scott Enterprises, Inc. v. City of Allentown*, 117 A.3d 1277, 1277-78 (Pa. 2015) (*per curiam*).

The City argues that, when construed according to its common and approved usage, the word "may" as used in Section 3935 is properly interpreted as permissive, not mandatory. The City acknowledges there are instances when courts have deliberately interpreted permissive language like "may" to mean "shall," but it claims such limited circumstances are not present here. The City also notes the text of the Contractor and Subcontractor Payment Act (CASPA), 73 P.S. §§501-516, a prompt payment statute applicable to non-governmental parties, provides for a penalty and attorney fees similar to the Procurement Code, but explicitly states penalties and attorney fees "shall" be awarded where payment is "wrongfully withheld," the amount of which is then determined by the court or arbitrator. 73 P.S. §512(a)-(b).[8] The City

---

[7] The Commonwealth Court also confirmed ASE is entitled to some statutory interest on the verdict amount, and directed the trial court on remand to mold the verdict to include certain items of pre- and post-judgment interest. *A. Scott Enterprises*, 102 A.3d at 1072-73. The issue of judgment-related interest is not before us in this appeal.

[8] Section 512 provides:

> (a) Penalty for failure to comply with act.--If arbitration or litigation is commenced to recover payment due under this act and it is determined that an owner, contractor or subcontractor has failed to comply with the payment terms of this act, the arbitrator or court **shall** award, in addition to

(continued…)

contends CASPA's use of "shall," as opposed to "may," is significant as it demonstrates the General Assembly was cognizant of the distinction between mandatory and discretionary bad faith penalty awards; had the Legislature intended to make the Procurement Code awards mandatory as well, it would not have used permissive language. Moreover, the City argues the Commonwealth Court improperly rested its decision on a Missouri case involving a distinguishable statute, and the perceived broad legislative intent underlying the Procurement Code as a whole, rather than applying the rules of statutory construction and acknowledging the narrow circumstances in which Pennsylvania courts have interpreted "may" to mean "shall."

The City further notes Section 3935 makes no mention of a jury, and the Legislature therefore could not have intended the trial court to be bound to award a penalty and attorney fees whenever a jury makes a finding of bad faith; such an interpretation would contravene the statute's express provision that the arbitrator, the Board of Claims, or the court makes the award. *See* 62 Pa.C.S. §3935(a)-(b). Finally, the City claims, if the Commonwealth Court's decision is not reversed, the result is an

---

(…continued)
     all other damages due, a penalty equal to 1% per month of the amount that was wrongfully withheld. An amount shall not be deemed to have been wrongfully withheld to the extent it bears a reasonable relation to the value of any claim held in good faith by the owner, contractor or subcontractor against whom the contractor or subcontractor is seeking to recover payment.

     (b) Award of attorney fee and expenses.--Notwithstanding any agreement to the contrary, the substantially prevailing party in any proceeding to recover any payment under this act **shall** be awarded a reasonable attorney fee in an amount to be determined by the court or arbitrator, together with expenses.

73 P.S. §512 (emphases added).

award essentially directed by jurors who were not comprehensively instructed on the meaning of "arbitrary or vexatious," or told their finding of bad faith would result in a 1% penalty and counsel fees paid from public funds. The jury was not instructed in this regard, argues the City, because the trial court believed, properly so, it had discretion to decide the ultimate question of whether a statutory award was warranted.

In response, ASE first argues the City did not contend, either at trial or in its post-trial motions, that the trial court retained discretion to decline to award a penalty and attorney fees; rather, ASE maintains the City's sole challenge was to the quantum of proof submitted by ASE to establish bad faith. Consequently, ASE alleges, the City failed to preserve the issue of whether the jury's finding of bad faith mandates an award under Section 3935, and its appeal should be dismissed.

On the merits, ASE tracks the Commonwealth Court's reasoning below, asserting the legislative purpose underlying the Procurement Code — *i.e.*, providing contractors with a remedy against governmental entities that withhold payment in bad faith — cannot be achieved without a mandatory award of a penalty and attorney fees where bad faith is found. "'Otherwise, the finding of bad faith is a meaningless exercise with no consequence for the government agency found to have acted in bad faith.'" ASE's Brief at 19, *quoting A. Scott Enterprises*, 102 A.3d at 1070. ASE further notes there is no language in Section 3935 suggesting once a contractor has proven bad faith additional factors must be established before the arbitrary or vexatious conduct is deemed sufficiently egregious to warrant a penalty and attorney fees award. Thus, ASE contends it is unclear what burden a contractor would bear, if "may" is read as permissive. In ASE's view, such an interpretation would subject the availability of the

statutory remedies to the "individual whim of each trial court judge." *Id*. Again agreeing with the Commonwealth Court, ASE posits the trial court judge, while having discretion regarding the **amount** of awards, has no discretion to refuse them altogether.

Moreover, ASE submits Pennsylvania courts, as well as courts of other states, have interpreted "may" as mandatory when a statute directs the doing of a thing for the sake of justice or when necessary to effectuate a statute's underlying purposes. *See, e.g., Hotel Casey Co. v. Ross*, 23 A.2d 737, 740-41 (Pa. 1942) (where Commonwealth was not rightfully entitled to taxes paid, statute authorizing refund or credit to taxpayer should be interpreted as mandatory). ASE also posits Pennsylvania's intermediate appellate courts have held a finding of bad faith under Section 3935 mandates an award of a penalty and attorney fees. *See, e.g., A.G. Cullen Constr. Inc. v. State Sys. of Higher Educ.*, 898 A.2d 1145, 1164-66 (Pa. Cmwlth. 2006); *Pietrini Corp. v. Agate Construction Co.*, 901 A.2d 1050, 1053 (Pa. Super. 2006).

ASE acknowledges that, while both CASPA and the Procurement Code were designed to authorize awards of penalties and attorney fees under specified conditions, the key difference between the two statutes is the Procurement Code requires a threshold finding of the government agency's bad faith. Accordingly, there is an additional burden of proof under the Procurement Code, requiring a heightened showing of wrongful conduct before an award can be made where public funds are at issue. Thus, ASE contends, the Legislature's intent was to "bring about parity with the remedies in CASPA once bad faith is found[,]" ASE's Brief at 28, and thus, the award should be automatic upon that finding.

In the alternative, ASE develops an argument that, to the extent the trial court maintained discretion to decline an award despite a finding of bad faith, it abused its discretion here. ASE argues that, at a minimum, a jury finding of bad faith should create a strong presumption of entitlement to a penalty and attorney fees, and the government should bear the burden to prove why no award should issue. In this case, ASE notes, the trial court's single-sentence explanation for its denial of the award did not specify any standard used or factors considered, and the "passing reference to conflicting testimony" regarding damages is an insufficient basis to decline to issue any award. ASE argues such evidentiary conflicts are relevant only to the proper calculation of the award. Citing a multi-factor test employed in other areas involving awards of attorney fees, ASE argues consideration of such "traditional factors" weighs heavily in its favor. *See* ASE's Brief at 31, *citing, e.g., Ursic v. Bethlehem Mines*, 719 F.2d 670, 673 (3d Cir. 1983) (where award of attorney fees under ERISA[9] is discretionary, courts have considered: 1) offending party's culpability or bad faith; 2) ability of offending party to satisfy fee award; 3) deterrent effect of award; 4) benefit conferred by award; 5) relative merits of parties' position). ASE concludes by requesting that, if this Court determines the award of a penalty and attorney fees is discretionary, we should remand to the trial court with instructions respecting the factors to be employed in deciding the issue.

The City responds to ASE's alternative argument by first asserting the question whether the trial court abused its discretion is not within the scope of the issue accepted for decision. On the merits, the City posits the decision was not an abuse of discretion given the "gross inconsistencies" in the invoices ASE submitted for payment and ASE's

[9] Employment Retirement Income Security Act of 1974, 29 U.S.C. Ch. 18, §1001 *et seq*.

failure to supply the City with "accurate" claims of amounts due for payment. In the City's view, the trial court cannot have abused its discretion where ASE was unable to specify "what amounts for what work … were not properly paid."

We begin by addressing ASE's waiver argument. Given the timing of the trial court's determination — after ASE praeciped for judgment (as was its right, given the delay) and the cross-appeals were filed — the City was in no position to "preserve" its issue when the matter was still before the trial court. Moreover, since the trial court ultimately awarded ASE no statutory penalty or attorney fees despite the jury's finding of bad faith, the City was not aggrieved by the trial court's decision. Indeed, the City's present claim did not mature until the Commonwealth Court issued its opinion reversing the trial court and holding an award was mandatory. *See, e.g., Lebanon Valley Farmers Bank v. Commonwealth*, 83 A.3d 107, 113 (Pa. 2013) (successful litigant need not file protective cross-appeal on pain of waiver); *Basile v. H&R Block, Inc.*, 973 A.2d 417, 422 (Pa. 2009) (appellee should not be required to file protective cross-appeal if judgment granted relief appellee sought). Furthermore, the City objected to the submission of the bad faith claim to the jury. N.T. 1/22/13-1/31/13, 879, 883, 1302-13. As the Commonwealth Court noted in rejecting ASE's waiver argument, by "object[ing] to the submission of the issue of bad faith to the jury and challeng[ing] the viability of [ASE's] breach of contract damages at trial[,]" the City properly preserved this and other questions relating to bad faith for review. *A. Scott Enterprises*, 102 A.3d at 1066 (citations omitted). As we find the issue was not waived, we next turn to the merits.

The issue is one of statutory construction, which is a pure question of law; therefore, our standard of review is *de novo* and our scope of review is plenary.

*Lynnebrook & Woodbrook Assocs. v. Borough of Millersville*, 963 A.2d 1261, 1268 n.2 (Pa. 2008). Our objective "is to ascertain and effectuate the intention of the General Assembly." 1 Pa.C.S. §1921(a). Often, "the best indicator of legislative intent is the plain language of the statute." *See Freedom Med. Supply v. State Farm Fire and Cas. Co.*, 131 A.3d 977, 983 (Pa. 2016), *citing Commonwealth, Office of Governor v. Donahue*, 98 A.3d 1223, 1237 (Pa. 2014). Therefore, we give particular weight to the express language of the statute.

In reading a statute, we construe the words in accordance with the rules of grammar and their common and approved usage or, when proper, according to their "peculiar and appropriate" or statutorily provided meanings. 1 Pa.C.S. §1903(a); *see also Treaster v. Union Twp.*, 242 A.2d 252, 255 (Pa. 1968) ("Words used in a statute are not lightly to be given a meaning other than their normal one."); *Commonwealth v. Rieck Inv. Corp.*, 213 A.2d 277, 282 (Pa. 1965) (Legislature must be presumed to mean what it has plainly expressed). "When the words . . . are [unambiguous], the letter of [the statute] is not to be disregarded under the pretext of pursuing its spirit." 1 Pa.C.S. §1921(b). Generally, it is only where the words are not explicit, creating ambiguity within the statute, that this Court will resort to other considerations to discern the Legislature's intent. 1 Pa.C.S. §1921(c).

Preliminarily, we note that while this case presents in a facially clean fashion — is the statutory language of permissive or mandatory effect? — in fact it is not so simple. For example, the statute speaks of awards rendered by an arbitrator, Board of Claims, or court — not awards by a jury; and, as the City notes, arbitrators, Boards of Claims, and courts are more aware than juries of the precise monetary effect of a Section 3935

award premised upon bad faith. Such awareness no doubt can play into the determination of bad faith itself in the non-jury scenario. In addition, the trial court did not issue its determination of the penalty and attorney fees question until after judgment was entered — the ensuing appellate dispute has thus proceeded without benefit of argument before, or developed reasoning from, the trial court. Instead, we have a single-sentence explanation in the trial court's opinion. Finally, we are aware the City's primary Procurement Code complaint throughout the litigation focused upon the more elemental question of whether a case of bad faith was established: the proper consequence of a sustained finding of Procurement Code bad faith came into focus only after the related foundational issues were resolved.

With these complexities in mind, we turn to the statutory text. Our reading aligns with that posed by the City. The statute's plain language is unambiguous and permissive in nature: "the court **may** award, in addition to all other damages due, a penalty equal to 1% per month of the amount that was withheld in bad faith," and "the prevailing party in any proceeding to recover any payment under this subchapter **may** be awarded a reasonable attorney fee[.]" 62 Pa.C.S. §3935 (emphases added). "Although 'may' can mean the same as 'shall' where a statute directs the doing of a thing for the sake of justice, it ordinarily is employed in the permissive sense." *Commonwealth v. Garland*, 142 A.2d 14, 17 n.5 (Pa. 1958) (internal citations omitted); *Commonwealth v. A. M. Byers Co.*, 31 A.2d 530, 532 (Pa. 1943) ("The word 'may' clearly implies discretionary power. The language is permissive, rather than mandatory."). *See also Bowser v. Blom*, 807 A.2d 830, 835 (Pa. 2002) (where court "may" award costs and fees in child support proceeding, prevailing party is not

automatically entitled to award); *Treaster, supra* (statute stating township "may revise its budget" during fiscal year should not be construed to mean township was required to do so); Pa.R.A.P. 2744 (appellate court "may award as further costs damages as may be just" if appeal is frivolous). *Cf. In re Farnese*, 17 A.3d 357, 370-71 (Pa. 2011) (Election Code provision stating court "shall" award costs "as it shall deem just" does not entitle prevailing party to automatic award; language "contemplates a more nuanced, calibrated decision, perhaps difficult, but not at all a strange matter for courts of justice").

Additionally, although this Court has occasionally interpreted the word "may" in a statute as mandatory, we have done so "usually where the ends of justice or constitutional requirements so dictate." *Treaster*, 242 A.2d at 255. In *Hotel Casey*, for example, the Court held, notwithstanding permissive language regarding the award of a refund of taxes paid in error, "if an application is made for a refund under §503 of the Fiscal Code within the period of limitations fixed thereby and it appears there was a tax paid to the Commonwealth to which the Commonwealth was not equitably or rightfully entitled, the provision for a refund or credit is mandatory." 23 A.2d at 741.[10] The Court acknowledged it would be "both illogical and unreasonable to assume that, when the

_____

[10] The statute provided, "The Board of Finance and Revenue shall have the power, and its duty shall be, (a) To hear and determine any petition for the refund of taxes, license fees, penalties, fines, bonus, or other moneys paid to the Commonwealth and to which the Commonwealth is not rightfully or equitably entitled, and, upon the allowance of any such petition, to refund such taxes, license fees, penalties, fines, bonus, or other moneys, out of any appropriation or appropriations made for the purpose, or to credit the account of the person, association, corporation, body politic, or public officer entitled to the refund." 23 A.2d at 739 (quoting 72 P.S. §503). The statute also provided the Board's decision "shall be final," and the lower court took this language to mean there could be no appeal; this Court reversed that holding and allowed mandamus relief. *Id.* at 743.

legislature attempted to correct a rigor of the law that caused an injustice and in so acting made it the duty of one of its fiscal agents to determine whether a tax had been collected to which the state was not rightfully or equitably entitled and made specific provision for a refund or credit in the event of such a finding, it intended only such illusory relief as would leave the granting of the refund to the unlimited discretion of the agency." *Id*. at 740. The Court continued that, "[w]hile such words as 'authorized' and 'empowered' are usually words of permission merely and generally have that sense when used in contracts and private affairs, when they are used in statutes they are frequently mandatory and imperative. Consequently, where a statute directs the doing of a thing for the sake of justice the word 'may' means the same thing as the word 'shall.'" *Id*. Notably, in concluding the government agency must refund the taxes, the *Hotel Casey* Court sought to give the statute, "if possible, an interpretation which will prevent any conflict with the Constitution." *Id.; s*ee also In re Philadelphia Parking Authority*, 189 A.2d 746, 749 (Pa. 1963) ("may," as used in statute providing for bond to secure compensation for condemned real estate pursuant to constitutional mandate, "must be construed as 'shall,' as mandatory rather than permissive"). Unless there are similarly compelling reasons for interpreting "may" as "shall" here, the plain, permissive language in Section 3935 leaves the decision to issue an award to the sound discretion of the tribunal.

We are not persuaded "the ends of justice or constitutional requirements . . . dictate" we interpret the permissive language in Section 3935 as mandatory. *See Treaster*, 242 A.2d at 255. ASE has proffered no constitutional argument counseling a construction of the language as mandatory, and we are not convinced by the position of

ASE and the Commonwealth Court that such a reading is necessary in order to "level the playing field" between government agencies and contractors engaged in public construction projects. In this statute creating and framing the cause of action and the remedy, the playing field has been established by the General Assembly, and it employed language vesting discretion in the tribunal when payment is withheld in bad faith.

Our determination that the statute intends to confer discretionary authority is buttressed by the fact the General Assembly has used the term "shall" in a similar statute like CASPA. CASPA is effectively the prompt payment statute for private parties, while the Procurement Code provides prompt payment rules for government projects. *See generally Clipper Pipe & Service Inc. v. Ohio Cas. Ins. Co.*, 115 A.3d 1278, 1283-84 (Pa. 2015) (CASPA does not apply in context of public works projects, where owner of construction project is government agency). With regard to penalties, Section 512(a) of CASPA states, if "an owner or subcontractor has failed to comply with the payment terms of this act, the arbitrator or court **shall** award, in addition to all other damages due, a penalty equal to [1%] of the amount that was wrongfully withheld." 73 P.S. §512(a) (emphasis added). The General Assembly's use of the word "shall" in provisions in CASPA which are otherwise functionally equivalent to the terms of the Procurement Code suggests a deliberate intention that awards of penalties and attorney fees under the Procurement Code are within the discretion of the tribunal. Notably, a different payment provision within the Procurement Code itself employs mandatory language respecting a penalty for late payments, further corroborating the General Assembly meant Section 3935 to be permissive. *See* 62 Pa.C.S. §3932(c) (if progress

payments are not timely made, government agency shall pay to contractor or design professional, in addition to amount due, interest on amount due).

Turning to whether the "ends of justice" dictate a non-literal reading of the text, we remain unconvinced by the notion Section 3935 must be construed as mandatory. Although we would not overstate the argument, there is some force in the City's point the jury's finding of bad faith here was rendered without appreciation of the potential ramifications of its finding; the trial court, of course, knows what the statute authorizes. There is also some force in the argument it is rational to vest discretion in the Procurement Code scenario, as contrasted with CASPA, since Procurement Code awards implicate the public treasury. Resolution of the question before us does not require inquiry into the wisdom or fairness of such a distinction and scheme; it is enough the scheme is not such as to make it apparent the permissive term must be construed as mandatory in order to avoid a manifestly unjust result. *Cf. generally Freedom Medical Supply,* 131 A.3d at 984, *citing* 1 Pa.C.S. §§1922(1), (4), and (5) ("[W]e presume to be erroneous any interpretation that leads to an absurd or unreasonable result, or which renders the statute ineffective or uncertain, or which favors private interests over the public interest[.]").

Furthermore, it is not apparent an abuse of discretion standard in such matters is inappropriate or unworkable. *See, e.g., Lucchino v. Commonwealth*, 809 A.2d 264, 269-70 (Pa. 2002) (statute stating Environmental Hearing Board "may, in its discretion" order payment of costs and attorney fees "clearly vests broad discretion" in that body; where record supports tribunal's finding conduct of party was dilatory, obdurate, vexatious, or in bad faith, award of fees will not be disturbed in absence of abuse of

discretion). *Accord Farnese*, 17 A.3d at 370-71 (standard directing that court "shall" award costs "as it shall deem just" "contemplates a more nuanced, calibrated decision, perhaps difficult, but not at all a strange matter for courts of justice").

Prior to the Commonwealth Court's decision in this case, both intermediate appellate courts acknowledged a Section 3935 award is discretionary but, we recognize, the panels nonetheless remanded for entry of an award where the trial court or Board of Claims declined to issue one in the first instance. For example, in *Dep't of Gen. Servs. v. Pittsburgh Bldg. Co.*, 920 A.2d 973 (Pa. Cmwlth.), *appeal denied*, 939 A.2d 890 (Pa. 2007) ("*DGS*"), and *A.G. Cullen, supra*, the Board of Claims found the failure to comply with prompt pay requirements did not rise to the level of arbitrary and vexatious conduct, and no statutory penalty or fees were awarded. On appeal in both cases, however, the Commonwealth Court ruled, essentially as a matter of law, the government agency's conduct did constitute bad faith under Section 3935, and then remanded for an award. *DGS*, 920 A.2d at 991 (remand for "proper determination of penalty interest and attorney fees"); *A.G. Cullen*, 898 A.2d at 1166 (remand for award of attorney fees on claim arising out of vexatious conduct). The Commonwealth Court's directive in each case followed its preliminary statement such an award is discretionary with the trial court. *DGS*, 920 A.2d at 990 ("The Board's denial of a party's request under Section 3935 is within its sound discretion, and we will only reverse upon a clear abuse of discretion."); *A.G. Cullen*, 898 A.2d at 1164 ("Tribunals possess great latitude and discretion in awarding attorney's fees when authorized by a statute.").

Similarly, in *Pietrini*, the Superior Court remanded for entry of a Section 3935 award in a case where it overturned the trial court's holding an award was not

warranted, after finding the defendant's conduct was vexatious. The panel noted, "even in the presence of an undisputed factual record such as this, the award of penalties and attorney's fees under the [P]rocurement [C]ode is an issue that under common circumstances requires reference to existing norms of conduct. As such, the decision remains committed to the sound discretion of the trial court, which we will reverse only [for] a palpable abuse of discretion." 901 A.2d at 1053. The *Pietrini* panel then found the trial court abused its discretion by concluding the defendant's conduct was not vexatious but, rather than remand for a determination whether a penalty and attorney fees were warranted, the panel remanded for "an assessment of penalties" and attorney fees, thus apparently, interpreting the statute as mandating an award when bad faith is found. *Id*. at 1055.

It appears the specific question now before this Court was not squarely presented in *DGS, A.G. Cullen*, and *Pietrini*. In each of those cases, after explaining its disagreement with the lower tribunal's finding on the bad faith question, the panel remanded for entry of an award, rather than remanding for the tribunal to exercise its discretion in light of the bad faith conduct. To the extent those decisions can be read as being in tension with our holding, they necessarily are disapproved.

We stress our holding that Section 3935 does not mandate an award in every case where bad faith has been established does not mean a tribunal can arbitrarily decline to issue an award; its determination is subject to review for abuse of discretion, and the soundness of the decision no doubt will depend upon the persuasiveness of the explication of the reasons for denial. Furthermore, given the extreme conduct

necessary to support a finding of bad faith, the instances where a finding of bad faith is deemed not to require a Section 3935 award at all presumably will be rare.[11]

Contrary to the City's suggestion, our holding that the Commonwealth Court erred in determining an award of a penalty and attorney fees is mandatory under Section 3935 does not end the matter. ASE, which prevailed in the Commonwealth Court, has forwarded an alternative argument that, under the abuse of discretion standard advocated by the City, the matter at a minimum should be remanded to the trial court. We agree.[12]

The trial court's explanation in its Rule 1925(a) opinion that an award of a penalty and attorney fees was unwarranted because ASE's testimony respecting damages was "conflicting," without more, is insufficient to support its outright denial of an award following the jury's finding of bad faith. The fact of the matter is that the jury returned a finding of bad faith based on that same "conflicting" evidence of damages and the bad faith finding has been sustained. ASE having anticipatorily posed a contingent

---

[11] We need not posit a hypothetical situation where an outright denial of an award would be a sustainable exercise of discretion.

[12] We are unpersuaded by the City's argument that any question of the propriety of the trial court's exercise of discretion is not subsumed within our grant of review. Indeed, under what the City itself has realized are unusual procedural circumstances here, we believe ASE is in a similar issue-preservation posture respecting its alternative argument as the City was respecting the Commonwealth Court holding an award is mandatory. The competing issues — is an award mandatory or not and, if not mandatory, was there an abuse of discretion or not — should have developed with greater specificity in the trial court, but did not for the reasons we have described in text. Our mandate allows both parties the opportunity to develop their positions before the trial court, including the interposition of objection premised upon waiver, at the trial level. "The edifice of justice stands, its symmetry, to many, greater than before." *Palko v. State of Connecticut*, 302 U.S. 319, 328 (1937) (Cardozo, J.), *overruled by Benton v. Maryland*, 395 U.S. 784 (1969).

argument respecting whether the court abused its discretion, the parties have engaged in a fact-intensive dispute about the accuracy of the court's bald assessment, as well as the appropriate consequence if in fact there was conflicting evidence on damages. Given the unusual procedural posture of the case, these arguments have not been assessed in the courts below, much less have they been assessed with the sharp focus necessary to properly frame an issue for this Court. The proper course, in these circumstances, is for the arguments to be made in the first instance to the trial judge upon remand.

Finally, ASE notes, accurately enough, the trial court did not identify any standard used or specific factors considered in refusing the request for an award of a statutory penalty and attorney fees. Consequently, ASE asks that we provide a standard to govern the remand. This too, however, is an issue best posed to the trial court in the first instance.

Accordingly, we hold Section 3935 of the Procurement Code allows — but does not require — the court to order an award of a statutory penalty and attorney fees when payments have been withheld in bad faith. The court's determinations in this regard are subject to review for an abuse of discretion. Therefore, we reverse the Commonwealth Court and remand to the trial court for proceedings consistent with this Opinion. In addition, the trial court on remand is directed to determine the amount of pre- and post-judgment interest to be awarded in accordance with the Commonwealth Court's unaffected additional rulings.

Reversed and remanded. Jurisdiction relinquished.

Chief Justice Saylor and Justices Baer, Todd and Wecht join the Opinion.

Justice Wecht files a Concurring Opinion.

Justice Donohue files a Dissenting Opinion.