## O'Neill et al., Appellants, *v.* White et al.

Argued September 23, 1941. Before SCHAFFER, C. J., MAXEY, DREW, LINN, STERN, PATTERSON and PARKER, JJ.

*Jas. Gregg,* of *Portser, Gregg & McConnell,* with him *Kunkle, Walthour & Trescher* and *A. Frank Steiner,* for appellants.

*Scott Fink,* for appellees.

OPINION BY MR. JUSTICE MAXEY, September 29, 1941:
The Register of Wills of Westmoreland County, Herbert Wirsing, died on August 22, 1941, seventy-three

days before the Municipal election of 1941. The question is whether or not his successor can be elected at that election? If the election laws had not been changed by the Election Code of 1937 nominations could be made to this office, to be voted on at this next November 4th Municipal election. (See Act of June 10, 1893, P. L. 419, sect. 7; July 9, 1919, P. L. 832, sect. 3. [25 P. S. 979]). The Election Code of June 3, 1937, P. L. 1333, Article 19, Section 1901, 25 P. S. 3591, supersedes former acts which would have been applicable. Section 902 of the Election Code of 1937 (25 P. S. 2862) provides as follows: *"All candidates of political parties,* as defined in section 801 of this act, for the offices of United States Senator, Representative in Congress and for all other elective public offices within this State, except that of presidential electors, *shall be nominated, and party delegates,* committeemen and officers who, under the provision of Article 8 of this act or under the party rules, are required to be selected by the party electors, *shall be elected at primaries held in accordance with the provisions of this act and in no other manner."* (Italics supplied) The only other provision in the act for the nomination of candidates except by vote of the party electors at a primary election, and in the case of substituted nominations, is that provided in section 951 of the Election Code, (25 P. S. 2911) where in addition to the party nominations made at the primaries, the qualified electors have the right to nominate by filing nomination papers. "All nomination petitions [of party candidates] shall be filed at least fifty days prior to the primary." Clause 9d of Section 913 of Article 9 of the Election Code of 1937 (25 P. S. 2873). "All nomination papers [by qualified electors] must be filed at least twenty days prior to the date of the primary election." Clause (c) of Section 953 of Article 9 of the Election Code of 1937 (25 P. S. 2913).

In the instant case certain taxpayers filed a bill in equity on September 19, 1941, to restrain the County

Board of Elections from expending the public funds to proclaim and hold an election for the office of Register of Wills for Westmoreland County. The court below refused the injunction and this appeal followed.

Appellees rely upon Article 4, section 8, of the Constitution of Pennsylvania which reads as follows: ". . . In any such case of a vacancy, in an elective office, a person shall be chosen to said office on the next election day appropriate to such office according to the provisions of this Constitution, unless the vacancy shall happen within two calendar months immediately preceding such election day, . . ."

The Constitutional provision invoked by appellees is unavailing in this case, for this provision is not self-executing and its mandate cannot be carried out because the legislature has not provided the means for doing so. "A Constitution is primarily a declaration of principles of the fundamental law. Its provisions are usually only commands to the legislature to enact laws to carry out the purposes of the framers of the Constitution, or mere restrictions upon the power of the legislature to pass laws, yet it is entirely within the power of those who establish and adopt the Constitution to make any of its provisions self-executing". 6 R. C. L., section 52, p. 57.

Cooley's Constitutional Limitations (8th ed.), Vol. 1, p. 165 says: "But although none of the provisions of a constitution are to be looked upon as immaterial or merely advisory, there are some which, from the nature of the case, are as incapable of compulsory enforcement as are directory provisions in general. The reason is that, while the purpose may be to establish rights or to impose duties, they do not in and of themselves constitute a sufficient rule by means of which such right may be protected or such duty enforced. In such cases, before the constitutional provision can be made effectual, supplemental legislation must be had; and the provision may be in its nature mandatory to the legislature to enact the needful legislation, though back of it there lies no authority to enforce the command. Sometimes the

constitution in terms requires the legislature to enact laws on a particular subject; and here it is obvious that the requirement has only a moral force: the legislature ought to obey it; but the right intended to be given is only assured when the legislation is voluntarily enacted."

In *Davis v. Burke*, 179 U. S. 399, 403, the United States Supreme Court said: "Where a constitutional provision is complete in itself it needs no further legislation to put it in force. When it lays down certain general principles, as to enact laws upon a certain subject, or for the incorporation of cities of certain population, or for uniform laws upon the subject of taxation, it may need more specific legislation to make it operative. In other words, it is self-executing only so far as it is susceptible of execution".

It is obvious that the above cited mandate of Article 4, Section 8 of the Constitution assumes the existence of election machinery to carry it out. But the election machinery provided by the Election Code is not geared to the carrying out of that constitutional mandate. For the reasons we have stated in the opinion this day filed in the "Philadelphia Mayorality Election Case", i. e. Watson v. Witkin, Clark and Hennessey, County Commissioners of Philadelphia, Constituting the County Board of Election of Philadelphia, et al., defendants, and County Executive Committee of the Democratic Party of the City and County of Philadelphia, et al., as intervening defendants, the Uniform Primary Laws of this state completely integrate nominations for public office with the elections which take place in the November following such nominations, and under the Election Code of 1937 the electoral machinery to choose such public officials at any November election must begin to function at least "ten Tuesdays" before the date of the Fall primary.

The conditions precedent to the nomination of candidates for Register of Wills of Westmoreland County at

the September ninth 1941 primaries not having been complied with because there was no time in which to do so after the death of the Register of Wills on August 22, 1941, no election to fill that office can be held at the Municipal election of November 4, 1941.

Section 60 of the Act of June 9, 1931 P. L. 401, 406, provides as follows: "In case of a vacancy, happening by death, resignation or otherwise, in any county office created by the Constitution or laws of this Commonwealth, and where no other provision is made by said Constitution, or by the provisions of this act, to fill said vacancy, it shall be the duty of the Governor to appoint a suitable person to fill such office, who shall continue therein and discharge the duties thereof until the first Monday of January next succeeding the first Municipal election which shall occur two or more months after the happening of such vacancy. Such appointee shall be confirmed by the Senate, if in session." Such being the law the Governor should appoint a Register of Wills for Westmoreland County to serve until the first Monday of January, 1944, as that will be the first Monday of January next succeeding the first Municipal election which will occur two or more months after the happening of the vacancy so arising on the first Monday of January, 1942, and *at which a successor may be elected.* In *Com. ex rel, King v. King,* 85 Pa. 103 we said that the right of appointment to fill a vacancy extends only to the period between the death, resignation or removal of the incumbent and the beginning of the new term by regular succession under the provisions of the 2d section of the 14th article of the Constitution. While that case decided that the appointment of a sheriff, by a governor, could be made for a period which would end at the beginning of the next regular term, its tenor and purport are that under Art. 4, section 8 and Art. 14, section 2 of the Constitution, the election to fill a vacancy in a public office must be at "the next election day appropriate to such

office", and that a person so appointed to fill the vacancy shall serve until his successor is duly elected at such "appropriate election day".

The decree of the court below is reversed and the defendants are enjoined from expending the public funds of Westmoreland County in the publication of notices of an election to fill the office of Register of Wills of Westmoreland County at the Municipal election of November 4th, 1941, and they are enjoined from printing official ballots containing the title of the office of Register of Wills as an office to be filled at the November 4th, 1941, election; they are also enjoined from doing any official acts whatsoever in an attempt to hold an election to choose a Register of Wills at the Municipal election to be held in and for the County of Westmoreland on November 4th, 1941, and they are enjoined from spending or approving the expenditure of any public money for that purpose, which we hereby declare to be without any legal warrant.

The costs are to be paid by the County of Westmoreland.