## Disabled Veterans' Exemption From Real Property Taxes

JOHN SULLIVAN, Deputy Attorney General, and DAVID STAHL, Attorney General, February 6, 1962.— You have asked whether the amendment of November 7, 1961, to article IX, sec. 1, of the Constitution of Pennsylvania, granting an exemption to certain disabled veterans from real estate taxation, is self-executing, or whether it requires further legislative action to become effective. Article IX, sec. 1, as amended, reads:

"All taxes shall be uniform, upon the same class of subjects, within the territorial limits of the authority levying the tax, and shall be levied and collected under general laws; but the General Assembly may, by general laws, exempt from taxation public property used for public purposes, actual places of religious worship, places of burial not used or held for private or corporate profit, institutions of purely public charity and real and personal property owned, occupied, and used by any branch, post, or camp of honorably discharged soldiers, sailors, and marines; and the General Assembly may, by general laws, set up standards and qualifications for private forest reserves, and make special provision for the taxation thereof. *Citizens and residents of this Commonwealth, who served in any war or armed conflict in which the United States was engaged and were honorably discharged or released under honorable circumstances from active service, shall be exempt from the payment of all real property taxes upon the residence occupied by the said citizens and residents of this Commonwealth imposed by the Commonwealth of Pennsylvania or any of its political subdivisions if, as a result of military service, they are blind, paraplegic or double or quadruple amputees, and if the State Veterans' Commission determines that*

*such persons are in need of the tax exemptions granted herein.*" (Italics supplied.)

The italicized sentence was added by the November 1961 amendment.

It should be noted that the preceding sentence states expressly that the General Assembly "may, by general laws" provide certain exemptions from taxation, whereas the recent amendment declares that certain persons "*shall* be exempt" from real property taxation upon specified conditions. Thus, the new language would appear to be mandatory and self-executing, as distinguished from the preceding grant of discretionary power to the General Assembly.

The rule as to self-executing constitutional provisions is stated thus in Davis v. Burke, 179 U. S. 399, 403, 21 S. Ct. 210, 45 L. Ed. 249 (1900), quoted with approval in O'Neill v. White, 343 Pa. 96, 100, 22 A. 2d 25, 27 (1941):

" 'Where a constitutional provision is complete in itself it needs no further legislation to put it in force. When it lays down certain general principles, as to enact laws upon a certain subject, or for the incorporation of cities of certain population, or for uniform laws upon the subject of taxation, it may need more specific legislation to make it operative. In other words, it is self-executing only so far as it is susceptible of execution.' "

The question to be resolved, therefore, is whether the 1961 constitutional provision is "complete in itself" or whether it needs "more specific legislation to make it operative." The amendment grants a positive right to the tax exemption, subject only to the conditions specified. This exemption cannot be impaired by legislative action or inaction.

While legislation establishing more detailed eligibility criteria may be desirable, we believe it possible

to formulate reasonable administrative standards to implement the mandate of the amendment.

The language of the amendment indicates that responsibility for carrying out its provisions is divided between local and State authorities. All the factors of eligibility, except the "need" for the tax exemption, are for the determination by the local taxing authorities.

The elements of eligiblity for local determination include:

1. Status of the applicant for the tax exemption as a citizen and resident of Pennsylvania;

2. His service in any war or armed conflict in which the United States was engaged;

3. The proper type of discharge or separation from service;

4. The occupancy of the residence for which the applicant seeks exemption from real estate taxes;

5. Whether the applicant is blind, or is a paraplegic or a double or quadruple amputee; and

6. Whether his physical disability is service-connected.

We believe there are ready means available for ascertaining the military aspects of eligibility, such as the nature of the applicant's service, his physical condition, etc. There exist well-established standards under which the United States Veterans Administration and, for some purposes, the State Veterans' Commission in Pennsylvania, can determine eligibility for certain benefits based upon military service and service-connected disability.

This review of the portion of the constitutional amendment dealing with local authorities is not intended to be an adjudication, but has been set forth simply for informational purposes. The elements listed

98

above, as well as the extent of the exemption from real property taxes to be allowed, are to be determind by the local taxing authorities.

The final condition of the grant of the exemption i.e., whether the applicants "are in need of the tax exemptions granted herein", should be determined by the State Veterans' Commission.

In carrying out its functions under the amendment, it would be appropriate for the State Veterans' Commission to design and make available a form suggesting information which the applicant should furnish to the local tax authorities and to the commission to enable them to make their respective determinations.

In summary, it is our conclusion, and you are so advised, that the November 1961 amendment is self-executing, and that it should be implemented in accordance with the foregoing discussion.