Ginsburg *v.* Ginsburg, Appellant.

422

Argued June 21, 1967. Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, JACOBS, HOFFMAN, and SPAULDING, JJ.

*Frederick W. Anton, III,* for appellant.

*S. Regen Ginsburg,* with him *John W. Kormes,* for appellee.

OPINION BY ERVIN, P. J., September 14, 1967:

This is an appeal by the wife-defendant from an order of the court below refusing to award additional counsel fees. The sum of $75.00 had previously been awarded before any master's hearings were held. The law provides for the payment of a reasonable counsel fee, limited by the necessities appearing from the evidence, such as will as nearly as possible promote the administration of fair and impartial justice by placing the parties on a par in defending their rights: *Brong v. Brong,* 129 Pa. Superior Ct. 224, 226, 195 A. 439. The wife is entitled to representation in order

to properly present her defense and she cannot be expected to obtain such representation without funds to pay therefor.

We have examined the record in these proceedings and believe that the court below abused its discretion in failing to make an award of additional counsel fees. The husband is an osteopathic physician and by his own counsel's admission is earning approximately $300.00 per week. There is no proof that the wife possesses any separate estate and she is maintaining a household for the five children of the parties on $60.00 per week. The wife's counsel withdrew from the case prior to the first hearing of the master. She attempted to represent herself at that hearing. The master recommended that she obtain counsel to represent her and she then employed her present counsel. Her counsel then attended eleven hearings before the master. He prepared exceptions to the master's report and argued them before the court below. He also took an appeal from the decree of the court below granting the husband-plaintiff a divorce a.v.m. and prepared a lengthy and able brief to sustain the appeal. He argued the appeal before us. He stated that he had spent 108½ hours in the actual defense of this case. There were 959 pages of testimony taken before the master. Counsel also states that he spent an additional 30 hours in preparing briefs and arguing both his exceptions to the master's report and his petition for an award of counsel fees before the court below.

Considering the entire record, we are of the opinion that additional counsel fees of $500.00 should be awarded to the wife-defendant and it is so ordered.