## DeRosa v. DeRosa

*John B. Lynch,* for plaintiff.
*John G. Siegle,* for defendant.

BLOOM, J., October 20, 1972.—The matter presently before this court arises as follows:

On July 13, 1972, Albert T. DeRosa filed a complaint in divorce a.v.m. against his wife, Ethel D. Foelke DeRosa. Thereafter, on August 3, 1972, the wife filed a petition for alimony pendente lite, counsel fees and expenses, pursuant to the Act of May 2, 1929, P. L. 1237, as amended, 23 PS §46. The husband answered said petition raising the issue of the constitutionality of 23 PS §46 in light of the equal rights amendment to the Constitution of Pennsylvania.

Because of the novel issue involved and because of the number of other petitions for alimony pendente lite and counsel fees and expenses pending before this court wherein the same constitutional issue was raised, this court decided to consider arguments and briefs on the question of the constitutionality of section 46 of the Divorce Law respecting alimony pendente lite and counsel fees before proceeding to dispose of each case on their respective merits. This opinion is written to set forth the considered judgment of this court respecting the constitutional issue raised so that a uniform standard of law will be applied by this court to those cases involving alimony pendente

lite and counsel fees and expenses which are presently before the court or which may come before the court in the future.

As noted above, the wife defendant filed a petition under section 46 of The Divorce Law of Pennsylvania, 23 PS §46, which provides as follows:

"In case of divorce from bonds of matrimony or bed and board, the court *may*, upon petition, *in proper cases,* allow a wife reasonable alimony pendente lite and reasonable counsel fees and expenses." (Italics supplied.)

The contention which the husband-plaintiff presents is that the above statute violates article I, sec. 27, of the Constitution of Pennsylvania, hereinafter referred to as the equal rights amendment, which provides:

"Prohibition against denial or abridgement of equality of rights because of sex.

Equality of rights under the law shall not be denied or abridged in the Commonwealth of Pennsylvania because of the sex of the individual."

Plaintiff's contention is that 23 PS §46 violates the equal rights amendment because a wife can seek alimony pendente lite, counsel fees and costs from her husband, but there is no provision for a husband to seek alimony pendente lite, counsel fees and costs from his wife. Before we proceed to the merits of plaintiff's position, let us first examine the provisions of the equal rights amendment to the Pennsylvania Constitution.

It is noted that the Pennsylvania equal rights amendment is similar to the proposed equal rights amendment to the United States Constitution, both of which seem to be a codification of one of the many principles included in the equal protection clause of the Federal Constitution. Both amendments recognize

the fact that heretofore women in American society have been assigned to a different status than men and have not been accorded the same legal rights, opportunities or responsibilities as men. Because of a widespread demand for change in every field of endeavor, the equal rights amendment has become law in the Commonwealth of Pennsylvania.

As a result of the equal rights amendment, the treatment of any person by the law may not be based upon the circumstance that such person is one sex or the other. However, that is not to say that the law may not impose different benefits or different burdens upon different members of the society so long as differentiation in treatment is predicated upon the particular characteristics or traits of the persons affected, such as strength, intelligence and the like. The law may still make different rules for some people than for others on the basis of the activity they are engaged in or the function they perform. Equal rights for both sexes does not mean that a State may not recognize differences and create classifications which are based upon reasonable and not arbitrary or capricious differences, or which exist by virtue of the very nature of the subject or persons classified. See Commonwealth v. Daniel, 430 Pa. 642 (1968); Equal Rights for Women, 80 Yale L. J. at 885 (1971).

Not unlike the Desertion and Nonsupport Law of June 24, 1939, P. L. 872, as amended, 18 PS §4733, the statute presently before us was enacted by the legislature at a time when women were characteristically the homemakers and men were the wage earners. The vast experience of the law has been that a wife is called upon to remain home and maintain the household and raise children, while the husband is called upon to go out and provide for his family in exchange for the consideration rendered by his wife. Each perform what

has been referred to as "the incidents" of the marital status or contract. See Commonwealth v. Berfield, 160 Pa. Superior Ct. 438 (1947); Lukens v. Lukens, no. F-19-149, Del. Co. (1972). Again calling upon its experience, the law recognizes that the overwhelming majority of family units are maintained in the above fashion.

The rule has long been established that the allowance of alimony pendente lite and counsel fees was designed to allow a wife, destitute of a separate estate, a reasonable sum so that she might not be put at a disadvantage financially to either defend or maintain an action in divorce: Kordich v. Kordich, 182 Pa. Superior Ct. 132 (1956); Wargo v. Wargo, 184 Pa. Superior Ct. 587 (1957). The principle was clearly stated in Ginsburg v. Ginsburg, 210 Pa. Superior Ct. 421 (1967), which held that the allowance of counsel fees, where the necessity appears from the evidence, is intended to promote the administration of fair and impartial justice by placing the parties on an equal footing in defending or pursuing their rights.

Clearly then, the law provides for the allowance of alimony pendente lite and counsel fees *not for all women,* in general, but rather for a *specific class of women,* to wit, *a wife without the means to secure or defend her rights.* The law does not allow alimony pendente lite and counsel fees just because a wife is a member of the female sex, but, rather, allowance is made only for those wives who, when they fulfill the obligations imposed by the marital contract, are not always able to go out of the home and accumulate their own resources in order to secure their rights under the law. The real inequity and injustice would be to deprive a wife of a source to secure the means to protect herself. The inequity sought to be eliminated by the allowance of alimony pendente lite and counsel fees

is to make the prosecution or defense of a divorce available only to those who can afford it: Breinig v. Breinig, 26 Pa. 161 (1856).

Considerable attention must be given to the fact that the allowance of alimony pendente lite and counsel fees is not automatically granted to a wife upon filing a petition. Consistent with the intent of the legislature which created alimony pendente lite and counsel fees, a wife must demonstrate to the court that she is, in fact, married; that she does not have an adequate income or estate to protect her rights; and that her husband has the financial ability to provide alimony and counsel fees. See The Divorce Law of May 2, 1929, P. L. 1237, 23 PS §46, and the cases cited therein. Of course, the facts and circumstances attending each case will determine the amount of alimony and counsel fees, but the important factor to be remembered is that alimony pendente lite and counsel fees can be denied a wife if she has sufficient assets of her own and thus, she would not be within the class of persons intended to be benefited by the statute before us. By the same token, a husband is not called upon to do any more than what he bargained for when he voluntarily assumed a marital status, to provide, if he has the ability, for his wife's rights where she cannot do so because she remained home and performed her wifely duties in lieu of pursuing the accumulation of her own private wealth.

It is again emphasized that the purpose of alimony pendente lite and counsel fees is to place the parties to a divorce action on an equal footing: Ginsburg, supra. The intent of the equal rights amendment is to place male and female on an equal basis. It is not logical to give the equal rights amendment an interpretation which would create inequality by depriving a wife of a statutory right which gives her equality

when it becomes necessary to do so. To give the equal rights amendment such an interpretation would be unreasonable; McGregor Estate, to use v. Young Township, 350 Pa. 93 (1944); Commonwealth v. Peoples, 345 Pa. 576 (1942); Statutory Construction Act of May 28, 1937, P. L. 1019, as amended, 46 PS §522. This court seriously doubts if such is the intent of the equal rights amendment.

Furthermore, in order for the positive provisions of a former statute to be repealed by subsequent legislation, there must be such a manifest and total repugnance that the two enactments cannot both stand, and an earlier statute is repealed only in those particulars wherein it is clearly inconsistent and irreconcilable with the later enactment: First National Bank of Millville v. Horwatt, 192 Pa. Superior Ct. 581 (1960); George v. Moore, 394 Pa. 419 (1959). The equal rights amendment enunciates the general principle that an individual's rights are not to be denied solely because of the sex of the individual. However, the amendment is wholly devoid of any "procedural guidelines through which it may be digested into the current matrix of statutory authority." The amendment is not self-executing and subsequent legislation to make it operative is necessary. See Murphy v. Murphy, No. 70-12247, Montgomery County, (February 29, 1972).

In O'Neill v. White, 343 Pa. 96 (1941), our Supreme Court held that:

" '. . . Where a constitutional provision is complete in itself it needs no further legislation to put it in force. *When it lays down certain general principles, as to enact laws upon a certain subject . . . it may need more specific legislation to make it operative.* In other words, it is self-executing only insofar as it *is susceptible of execution.*" (Italics supplied.)

This court is of the opinion that the equal rights

amendment, standing alone, does not nullify alimony pendente lite and counsel fees and costs. Our legislature enacted the amendment with full knowledge of the existing statutes relating to alimony pendente lite and counsel fees and yet, no express words to repeal existing law were employed. Therefore, it may be presumed that there was no legislative intent to repeal alimony pendente lite and counsel fees. See Kingston Borough v. Kalonosky, 155 Pa. Superior Ct. 424 (1944). Furthermore, a construction which endangers the validity of a statute is to be avoided: Dauphin County Grand Jury Investigation Proceedings (No. 3), 332 Pa. 358 (1938), and a statute must be construed so as to bring it in harmony with constitutional requirements: Commonwealth v. McCoy, 405 Pa. 23 (1961).

If the legislature believes that in proper cases a husband should be allowed reasonable alimony pendente lite and reasonable counsel fees, they may accomplish this purpose by amending the Divorce Code or by appropriate act of assembly to accomplish this purpose. But, a review of the various legal treatises dealing with the purpose of the equal rights amendment reveals that the amendment was designed to eliminate unequal job opportunities because of sex, or wage discrimination because of sex. See Sex Discrimination and Equal Protection, 84 Harvard L. Rev. 1499 (1971). In light of this fact, this court is of the opinion that the equal rights amendment was not intended to defeat by implication the duties and obligations of a husband who endeavors to dissolve the marital relationship.

Therefore, we enter the following,

## ORDER

And now, to wit, October 20, 1972, after considera-

tion of argument and briefs submitted by respective counsel, it is hereby ordered and decreed that:

1. Section 46 of the Act of May 2, 1929, P. L. 1237, as amended, which provides for the allowance of alimony pendente lite and reasonable counsel fees and expenses under certain specified circumstances is not unconstitutional and does not violate the equal rights amendment of the Pennsylvania Constitution, article I, sec. 27.

2. A hearing is hereby set for November 10, 1972, at 10 a.m. in Courtroom No. 2, Courthouse, Media, Pa., when the parties may appear for the purpose of taking testimony respecting the merits of the petition for alimony pendente lite, counsel fees and expenses now pending before this court.