# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Luzerne County Council and Samuel M. :
Sanguedolce, in his official capacity :
as Luzerne County District Attorney, :
    Appellants :
          : No. 1088 C.D. 2021
   v.      :
          : Argued: October 21, 2021
Luzerne County Board of Elections; :
Denise Williams, in her official capacity :
as Chair of the Luzerne County Board :
of Elections; Missy Thomas, in her :
official capacity as Vice-Chair of the :
Luzerne County Board of Elections; :
Richard Nardone, in his official capacity :
as Member of the Luzerne County :
Board of Elections; Kathryn Roth, in her :
official capacity as member of the :
Luzerne County Board of Elections; and :
Audrey Serniak, in her official capacity :
as Member of the Luzerne County :
Board of Elections :

BEFORE: HONORABLE PATRICIA A. McCULLOUGH, Judge
    HONORABLE CHRISTINE FIZZANO CANNON, Judge
    HONORABLE ELLEN CEISLER, Judge

## _OPINION NOT REPORTED_

MEMORANDUM OPINION
BY JUDGE McCULLOUGH       FILED: October 28, 2021


    Luzerne County Council and Samuel M. Sanguedolce, in his official
capacity as District Attorney of Luzerne County (collectively, Appellants), appeal
from the order entered by the Court of Common Pleas of Luzerne County on

September 23, 2021, denying their petition for preliminary injunction in a matter arising under the Pennsylvania Election Code.[1]

## Factual and Procedural History

In February 2021, former Luzerne County District Attorney Stefanie Salavantis announced her intent to seek a vacant seat on the bench of the Luzerne County Court of Common Pleas, and to resign from the Office of Luzerne County District Attorney. Former District Attorney Salavantis submitted her resignation, and a legal vacancy was created for the Office of Luzerne County District Attorney on March 25, 2021. At that time, former District Attorney Salavantis had nearly three years remaining on her four-year term.

Two days earlier, on March 23, 2021, Governor Tom Wolf signed into law the Act of March 23, 2021, P.L. 323, No. 7 (Act 7 of 2021), which became effective immediately and amended section 1404 of The County Code,[2] 16 P.S. §1404, setting forth the mechanism for succession in the Office of District Attorney whenever a vacancy occurs, and further defining the length of term of the appointed successor to that office. According to this amended version of section 1404, if a vacancy occurs in the Office of District Attorney:

> the judges of the court of common pleas shall, upon a showing that the first assistant district attorney satisfies the requirements of [section 1401 of The County Code, 16 P.S. §]1401, appoint the first assistant district attorney to fill the office of district attorney and to discharge the duties of the district attorney until the first Monday in January following the next municipal election occurring not less than ninety days after the occurrence of the vacancy.

---

[1] Act of June 3, 1937, P.L. 1333, *as amended*, 25 P.S. §§2600-3591.

[2] Act of August 9, 1955, P.L. 323, *as amended*, 16 P.S. §§101-3000.3903.

2

16 P.S. §1404.

The prior version of section 1404 provided that, for a county of the Third Class (like Luzerne County), the judges of the court of common pleas were empowered to choose any "competent person" who, once appointed, would serve as district attorney for the "balance of the unexpired term" of office of the person he or she replaced. *Formerly* 16 P.S. §1404; *see, e.g.*, *In re Appointment of District Attorney*, 756 A.2d 711, 713 (Pa. Cmwlth. 2000) (*en banc*).

Samuel M. Sanguedolce, Appellant herein in his official capacity, was serving as First Assistant District Attorney under former District Attorney Salavantis. On March 25, 2021, the judges of the Court of Common Pleas of Luzerne County appointed First Assistant District Attorney Sanguedolce to fill the legal vacancy, and he began performing the duties of District Attorney at that time.

Shortly after District Attorney Sanguedolce assumed his office, a dispute arose as to the timing of when the next election should be held for the Office of Luzerne County District Attorney, and for what length of time the winner of that election should serve. Subsequently, the Luzerne County Board of Elections and its members (Appellees) determined that (1) the next "municipal election" would be in November 2021, and the political parties can nominate candidates without the need of a primary election pursuant to section 993 of the Election Code, added by the Act of August 26, 1953, P.L. 1479, 25 P.S. §2953; (2) an election for the Office of Luzerne County District Attorney should be held in November 2021, and (3) the person elected in November 2021 would serve the balance of the term of former District Attorney Salavantis, and an election for the Office of District Attorney for a full four-year term will occur in the normal course in 2023.

3

In response, Appellants filed a complaint on August 10, 2021, seeking declaratory and injunctive relief and a writ of prohibition to prevent Appellees from holding an unlawful and *ultra vires* election for the Office of Luzerne County District Attorney on November 2, 2021, for a truncated two-year term. Appellants also filed a petition for preliminary injunction,[3] seeking to preliminarily enjoin Appellees from moving forward with the November 2021 election. Appellants raised two separate and distinct issues in the court of common pleas that, although related to the same office, are independent of each other and must be evaluated separately. First, Appellants sought to preliminarily enjoin Appellees from conducting an

---

[3] A party seeking a preliminary injunction bears a heavy burden of proof. Applicants for a preliminary injunction must meet all of the following criteria:

> (1) the injunction is necessary to prevent immediate and irreparable harm that cannot be compensated adequately by damages;
> (2) greater injury would result from refusing the injunction than from granting it, and, concomitantly, the issuance of an injunction will not substantially harm other interested parties in the proceedings;
> (3) the preliminary injunction will properly restore the parties to their status as it existed immediately prior to the alleged wrongful conduct;
> (4) the party seeking injunctive relief has a clear right to relief and is likely to prevail on the merits;
> (5) the injunction is reasonably suited to abate the offending activity; and,
> (6) the preliminary injunction will not adversely affect the public interest.

*SEIU Healthcare Pennsylvania v. Commonwealth*, 104 A.3d 495, 502 (Pa. 2014); *see also Summit Towne Centre, Inc, v. Shoe Show of Rocky Mount, Inc.*, 828 A.2d 995, 1001 (Pa. 2003) (reiterating preliminary injunction criteria). "Because the grant of a preliminary injunction is a harsh and extraordinary remedy, it is to be granted only when and if each [factor] has been fully and completely established." *Pennsylvania AFL-CIO by George v. Commonwealth*, 683 A.2d 691, 694 (Pa. Cmwlth. 1996).

"unconstitutional election" for the Office of Luzerne County District Attorney for a shortened two-year term, instead of the constitutionally mandated four-year term. Second, Appellants sought to preliminarily enjoin Appellees from conducting a *de facto* "special election" for the Office of Luzerne County District Attorney in November 2021, instead of November 2023, following a municipal primary election in which the voters could participate.

The full bench of the Luzerne County Court of Common Pleas recused. Senior Judge Shenkin of the Court of Common Pleas of Chester County (referred to hereinafter as the "trial court") was appointed to hear the matter.

On September 7, 2021, Appellees filed preliminary objections to the complaint, alleging that both Appellants lacked the capacity to sue and standing to bring this lawsuit. On September 16, 2021, Appellants filed their opposition to Appellees' preliminary objections and also filed a reply brief in further support of their petition for preliminary injunction.[4]

On September 23, 2021, the trial court heard oral argument, *via* video conference, on both Appellees' preliminary objections and Appellants' petition for preliminary injunction. Later that same day, the trial court entered an order denying Appellants' petition for preliminary injunction. On October 1, 2021, the trial court entered an order overruling Appellees' preliminary objections. On October 4, 2021, Appellants filed a timely appeal of the order denying their petition for preliminary injunction. On October 12, 2021, the trial court submitted a Pa.R.A.P. 1925(a) Opinion in support of its decision.

The trial court found that Appellants failed to demonstrate a clear right to relief and the likelihood of prevailing on the merits. It found that a plain reading of

---

[4] None of these filings are part of the record before us.

section 1404 of The County Code, 16 P.S. §1404, resolved the matter. Specifically, the trial court reasoned:

> There was a vacancy in the office of the District Attorney. The person appointed to fill that office serves only until the first Monday in January following the next municipal election occurring more than 90 days from the date the vacancy occurred. Ergo, the legislature must have intended for the office of the District Attorney to be filled at that municipal election as the terms of the persons elected at that election commence that same first Monday in January following that election. If plaintiffs do not prevail, that is exactly what will happen here; a person will be elected on November 2, 2021, to the office of District Attorney and will take that position on January 3, 2022.

(Trial Ct. Op. at 4 (footnote omitted).)

With regard to whether a preliminary injunction is necessary to prevent immediate and irreparable harm, the trial court discerned no harm to Appellants if the November 2, 2021 election is held. The trial court reasoned that "even if the election is . . . unconstitutional, no harm occurs until the person elected takes office in January, 2022" and that Appellants' "entitlement to a final injunction can be determined by that time." *Id.* at 3. On the other hand, reasoned the trial court, "if there is no election and it is determined that [Appellants] are not entitled to relief, very significant injury will have been caused as there would then appear to be no person holding the office of District Attorney and no existing provision for filling that void." *Id.* at 3-4.

On appeal, there are two issues for our consideration:

1. Did the trial court err in refusing to preliminarily enjoin the Luzerne County Board of Elections from conducting an

unlawful and *ultra vires* election for the Office of Luzerne County District Attorney for a truncated two-year term in direct violation of the four-year term mandated by Article IX, Section 4 of the Pennsylvania Constitution,[5] Section 401[6] of [T]he County Code, and Section 3.03(B) of the Luzerne County Home Rule Charter[7]?

2. Did the trial court err in refusing to preliminarily enjoin the Luzerne County Board of Elections from conducting a *de facto* "special election" for the Office of Luzerne County District Attorney on November 2, 2021, where the Pennsylvania Constitution, the Election Code, the recently amended Section 1404 of [T]he County Code, the Luzerne County Home Rule Charter, and established caselaw make clear that the next lawful election for the Office of Luzerne County District Attorney must be held in November 2023 following a municipal primary election in which the voters could select candidates?

(Appellants' Br. at 7-8.)

**Discussion**

We review the denial of a request for a preliminary injunction for an abuse of discretion. *Summit Towne Centre*, 828 A.2d at 1000 (citing *Maritrans GP, Inc. v. Pepper, Hamilton & Scheetz*, 602 A.2d 1277, 1286-87 (Pa. 1992); *Bloomingdale's By Mail, Ltd. v. Department of Revenue*, 518 A.2d 1203, 1204 (Pa. 1986)). More particularly, we must affirm the determination of the trial court if there are "any apparently reasonable grounds" to support the trial court's conclusion with

---

[5] PA. CONST. art. IX, §4.

[6] 16 P.S. §401.

[7] Luzerne County Home Rule Charter §3.03(B).

7

respect to the availability of injunctive relief. *Id.* As our Supreme Court has explained:

> [W]e recognize that on an appeal from the grant or denial of a preliminary injunction, we do not inquire into the merits of the controversy, but only examine the record to determine if there were *any apparently reasonable grounds* for the action of the court below. Only if it is plain that no grounds exist to support the decree or that the rule of law relied upon was palpably erroneous or misapplied will we interfere with the decision of the [trial court].

*Id.* (emphasis added) (quoting *Roberts v. Board of Directors of School District of City of Scranton*, 341 A.2d 475, 478 (Pa. 1975)). The "scope of review in preliminary injunction matters is plenary." *Warehime v. Warehime*, 860 A.2d 41, 46 n.7 (Pa. 2004).

"Apparently reasonable grounds" for the denial of relief are present where the trial court properly finds that any of the "essential prerequisites" for a preliminary injunction have not been established. *Summit Towne Centre*, 828 A.2d at 1001. The parties properly offer thorough argument upon each of the prerequisites for a preliminary injunction; however, the primary focus of the analysis, as was the case in the trial court below, is whether Appellants have established a "clear right to relief" and are "likely to prevail on the merits." *SEIU*, 104 A.3d at 502; *see supra* note 3. This element is our focus as well.

### 1. Date of the "next municipal election"

We begin with Appellants' second issue, as this was the matter more directly addressed in the trial court's opinion.[8] The thrust of Appellants' position is

---

[8] As the trial court noted, due to the time constraints and unique procedural posture of this case, the trial court was not presented with a thorough statement of the issues that Appellants **(Footnote continued on next page…)**

that the reference in section 1404 of The County Code to "the *next municipal election* occurring not less than ninety days after the occurrence of the vacancy," 16 P.S. §1404 (emphasis added), is intended to mean the municipal election that will occur in November *2023*, following the municipal primary election that will occur earlier that year. "At its core," Appellants emphasize, this issue "centers on what the phrase the 'next municipal election,' means" in section 1404 of The County Code. (Appellants' Br. at 29.)

For authority, Appellants rely upon section 604 of the Election Code, which provides that "[t]here shall be a [m]unicipal primary preceding each municipal election" and that "[c]andiates for all offices to be filled at the ensuing municipal election shall be nominated at the [m]unicipal primary." 25 P.S. §2754. Under this

---

**(continued…)**

planned to raise in this appeal. Following Appellants' filing of a notice of appeal on October 6, 2021, this Court issued an order dated October 7, 2021, which, *inter alia*, directed the trial court to prepare and transmit an opinion pursuant to Pa.R.A.P. 1925(a) to this Court no later than October 12, 2021, and directed Appellants to file a Statement of Issues to be Presented on Appeal by October 13, 2021. (Order, 10/7/2021, ¶¶1-2.) As the trial court noted, Appellants filed with the trial court a Concise Statement of Errors Complained of on Appeal simultaneously with their filing of the appeal; however, the statement was "of no value" to the trial court in drafting its opinion "as it does not specify any error . . . but only states in the most broad and general terms that [the trial court] erred in failing to grant the relief requested" by Appellants. (Trial Ct. Op. at 1-2.) The trial court noted that such a nonspecific statement would ordinarily result in a finding of waiver of all appellate issues, but "[u]nder the circumstances of this expedited appeal," the trial court did not believe that Appellants "will be deemed to have waived any issues nor should they be," and "[p]resumably the Statement of Issues to be Presented on Appeal will be more specific." *Id.* at 2 n.1. We agree that, in light of the constrained procedure necessitated by this appeal, Appellants have not waived the issues that they presently pursue. And, indeed, Appellants' Statement of Issues to be Presented on Appeal in this Court is more specific in identifying the errors alleged. Unfortunately, a consequence of this procedural posture is that the trial court was left without the benefit of that specificity, and some matters at issue before us were not directly addressed in the trial court's opinion. As such, we are required to make certain inferences with respect to the trial court's reasoning in denying Appellants' requested relief.

9

section, Appellants assert, any "municipal election" must necessarily be preceded by a municipal primary. For precedential support, Appellants cite the 1941 decision of our Supreme Court in *O'Neill v. White*, 22 A.2d 25 (Pa. 1941), wherein a vacancy in the Office of Register of Wills of Westmoreland County occurred in August 1941, ahead of the November 1941 municipal election. *Id.* at 26. Because the Election Code at the time mandated that all candidates of political parties be elected at primary elections, and because the vacancy occurred too late to elect a candidate at a primary that year, the Supreme Court held that the "conditions precedent" to the nomination had not occurred, and, thus, "no election to fill that office can be held at the Municipal election of November 4, 1941." *Id.* at 27. Appellants additionally contend that another 1941 decision, *Watson v. Witkin*, 22 A.2d 17 (Pa. 1941), employed the same reasoning. (Appellants' Br. at 31 (citing *Watson*, 22 A.2d at 24).) Likewise, in the instant case, because it is too late to hold a municipal primary election this year, Appellants argue that the "next municipal election" referenced in section 1404 of The County Code must necessarily be the municipal election that will occur in November 2023, which will be preceded by a municipal primary election in May 2023.

Appellees respond that the instant case falls squarely within a section of the Election Code that was adopted in 1953 to deal precisely with circumstances in which time constraints prevent a candidate from being nominated through the primary process. Section 993(a) of the Election Code, provides, in relevant part, as follows:

> In all cases where a vacancy shall occur for any cause in an elective public office . . . at a time when such vacancy is required by the provisions of the Constitution or the laws of this Commonwealth to be filled at the ensuing election *but at a time when nominations for such office cannot be made under any other provision of this act, nominations to fill such vacancies shall be made by political parties in*

10

*accordance with party rules relating to the filling of vacancies by means of nomination certificates* in the form prescribed in section [994 of the Election Code, added by the Act of August 26, 1953, P.L. 1479, 25 P.S. §2954] . . . .

25 P.S. §2953(a) (emphasis added).

Appellees argue that the process envisioned by section 993(a) of the Election Code is "extraordinarily common" and uncontroversial. (Appellees' Br. at 18.) It is precisely what occurred here, Appellees assert, where a "place-holding appointee's term is set to expire" and the Board of Elections had "no choice but to place that appointee's office on the November municipal ballot." *Id.* at 26. Appellees further argue that section 993(a) of the Election Code renders the precedent cited by Appellants—*O'Neill* and *Watson*—irrelevant, inasmuch as those decisions preceded the adoption of section 993 by 12 years. *Id.* at 23.

Upon review, we agree with Appellees that Appellants have not established that the "next municipal election" referenced in section 1404 of The County Code must occur in 2023, and that Appellants therefore have failed to demonstrate a clear right to relief for purposes of obtaining a preliminary injunction. Section 1404 of The County Code sets forth the procedure for filling the vacancy that arose when former District Attorney Salavantis resigned from her office. Then-First District Attorney Sanguedolce was appointed to "fill the office of district attorney and to discharge the duties of the district attorney," and he is to do so "until the first Monday in January following the next municipal election occurring not less than ninety days after the occurrence of the vacancy." 16 P.S. §1404.

Section 1404 does not refer to a municipal primary election. It refers to the "next municipal election." The Pennsylvania Constitution speaks to the date of such an election. Article VII, Section 3 of our Constitution, entitled "Municipal

11

election day; offices to be filled on election days," provides, in relevant part, that elections for county officers "shall be held on the *municipal election day*; *namely the Tuesday next following the first Monday of November in each odd-numbered year . . . .*" PA. CONST. art. VII, §3 (emphasis added). Thus, it is plain that a "municipal election" is the election occurring in November of each odd-numbered year, not the primary election occurring in the preceding May.

Appellants' proposed interpretation of "next municipal election," as that phrase appears in section 1404 of The County Code, meets several insurmountable obstacles. Even setting aside the constitutional definition highlighted above, Appellants' statutory and precedential authority is unpersuasive. Again, the "core" of this issue, Appellants contend, is interpreting "what the phrase the 'next municipal election' means" in section 1404 of The County Code. (Appellants' Br. at 29.) Appellants, in essence, argue that this phrase necessarily must refer to *both* the municipal primary election in May *and* the municipal general election in November. However, Appellants' reliance upon section 604 of the Election Code, 25 P.S. §2754, to support that proposition is unpersuasive. That section refers to the "municipal primary" and the "municipal election" separately; they necessarily are different elections. Yet, section 1404 of The County Code expressly refers to one but not the other. One must ignore the plain statutory language to interpret the phrase "municipal election" in section 1404 of The County Code as including both the "municipal election" and the "municipal primary" identified in section 604 of the Election Code.

Of course, Appellants' argument is that there can be no municipal election without a municipal primary. But, as Appellees emphasize, this argument overlooks section 993(a) of the Election Code, 25 P.S. §2953(a), which provides for

12

circumstances in which it is too late to nominate a candidate through a municipal primary. It is helpful to break down the operative language of section 993(a), alongside the statutory sections that are relevant to each part in the context of this case. Section 993(a) of the Election Code provides that: (1) where a vacancy occurs in an elective public office "at a time when such vacancy is required by . . . the laws of this Commonwealth to be filled at the ensuing election," *i.e.*, when a vacancy in the office of district attorney must be filled at the next municipal election under section 1404 of The County Code; (2) "but at a time when nominations for such office cannot be made under any other provision of this act," *i.e.*, when the vacancy arises at a time when the municipal primary required by section 604 of the Election Code cannot be held; then (3) "nominations to fill such vacancies shall be made by political parties in accordance with party rules relating to the filling of vacancies by means of nomination certificates." 25 P.S. §2953(a). This section clearly demonstrates that Appellants are incorrect in concluding that the *only* permissible path to a municipal election is through a municipal primary election. Moreover, the Supreme Court's 1941 decisions in *O'Neill* and *Watson* do not lend support to Appellants' view, as they predated the adoption of section 993(a) of the Election Code by approximately 12 years. If the current year was 1941, then Appellants would surely be correct. In 2021, however, section 993(a) of the Election Code provides for the present circumstance.

As it concerned the timing of the "next municipal election" referenced in section 1404 of The County Code, the trial court opined that "situation is quite simple," and that Appellants could prevail only through "a very strained reading of that section." (Trial Ct. Op. at 4.) On the straightforward account of section 1404, the trial court reasoned, a vacancy in the office of district attorney occurred; that

13

vacancy was to be filled at the next municipal election occurring more than 90 days from the date of the vacancy; and that municipal election is the one to be held on November 2, 2021. *Id.* We agree with the substance of that reasoning.

In light of the foregoing analysis of the relevant constitutional provision, applicable statutes, and cited case law, we find no error in the trial court's determination that Appellants failed to establish a "clear right to relief" and that they are "likely to prevail on the merits" of their contention that the next municipal election identified in section 1404 of The County Code must occur in 2023 rather than the present year. *SEIU*, 104 A.3d at 502. Thus, the trial court had "apparently reasonable grounds" for the denial of Appellants' requested injunctive relief on this point. *Summit Towne Centre*, 828 A.2d at 1000. Accordingly, with respect to this issue, we affirm the trial court's decision declining to enjoin the November 2, 2021 election.[9]

### 2. Length of the term of office

In their alternate issue, Appellants contend that the trial court should have enjoined the upcoming election because District Attorney Sanguedolce will hold

---

[9] The Concurrence would rely exclusively upon a provision of Luzerne County's Home Rule Charter, discussed *infra*, to resolve this issue, and would not address any provision of the Election Code. While the Majority would not disagree with the Concurrence's interpretation of the Home Rule Charter, the provision that the Concurrence relies upon does not address the central focus of Appellants' argument with respect to this issue—that section 604 of the Election Code requires a municipal primary before a municipal election. Although a municipality that has adopted a home rule charter may exercise significant powers thereunder, it may only "exercise any powers and perform any function not denied . . . by statute." 53 Pa.C.S. §2961. Appellants' position would suggest that, under section 604 of the Election Code, Luzerne County is not entitled to conduct a municipal election without first conducting a municipal primary. The Concurrence does not address this argument, but as discussed above, section 993(a) of the Election Code does. Thus, contrary to the Concurrence's suggestion, it is necessary to analyze the statutory sections upon which the parties' arguments rely.

only a "truncated two-year term," (Appellants' Br. at 18), *i.e.*, the balance of former District Attorney Salavantis's term, rather than a new four-year term.[10]

Appellants' argument on this issue is based upon the Pennsylvania Constitution, a provision of The County Code, and a provision of Luzerne County's Home Rule Charter. Under Article IX, Section 4 of the Pennsylvania Constitution, Appellants stress, "[c]ounty officers . . . shall be elected at the municipal elections and shall hold their offices for the term of four years." (Appellants' Br. at 19-20 (quoting PA. CONST. art. IX, §4).) Similarly, section 401(b) of The County Code provides that county officers such as district attorneys shall hold their offices "for a term of four years." *Id.* at 20 (quoting 16 P.S. §401(b)). Likewise, Appellants cite a provision of the Luzerne County Home Rule Charter which provides that "[e]xcept as may otherwise be provided for in this Charter or applicable law, all terms [for district attorneys] shall be four years." *Id.* (quoting Luzerne County Home Rule Charter §3.03(B)) (emphasis omitted).

These provisions do not establish that Appellants have a clear right to relief and are likely to prevail on the merits of their claim, such that the trial court was bound to enjoin the upcoming election. The cited provisions amply demonstrate that district attorneys, in general, serve four-year terms. No one could reasonably argue to the contrary. But that simple observation does not provide an answer to the question at issue in this case. The issue here concerns the filling of a *vacancy* in an office of district attorney. Appellants cite Article IX, Section 4 for the

---

[10] The trial court did not directly address this issue, likely due to the procedural posture discussed above. *See supra* note 8. However, it can be inferred from the trial court's disposition that the court concluded that, under section 1404 of The County Code, it was lawful to hold a municipal election on November 2, 2021, following which District Attorney Sanguedolce would fill the vacancy left by former District Attorney Salavantis and would serve the balance of her term. Thus, the trial court declined to enjoin the election.

uncontroversial proposition that county officers, including district attorneys, are generally entitled to four-year terms. But Article IX, Section 4 goes on to state that "all vacancies shall be filled in such a manner as may be provided by law." PA. CONST. art. IX, §4.

The question becomes whether the "next municipal election," 16 P.S. §1404, which we have already concluded is to occur on November 2, 2021, is to be viewed as an election for a wholly new district attorney with a wholly new term of office, or whether it is for the filling of the vacancy left by the resignation of the former district attorney.[11]

The "manner as may be provided by law" for the filling of vacancies in the office of district attorney, PA. CONST. art. IX, §4, is set forth in section 1404 of The County Code, which we discussed at length above. Unfortunately, section 1404 of The County Code is of minimal assistance in this regard. Although, as noted above, the former version of section 1404 expressly provided that a competent person appointed to fill a vacancy in the office would serve as district attorney for the "balance of the unexpired term," *see, e.g.*, *In re Appointment of District Attorney*, 756 A.2d at 713, the statute now calls for a municipal election to fill the vacancy. Specifically, as noted above, the first district attorney is to be appointed to fill the office of district attorney "until the first Monday in January following the next municipal election occurring not less than ninety days after the occurrence of the vacancy." 16 P.S. §1404. Although this tells us *when* the municipal election is to

---

[11] If it is the former, then Appellants' position is strong. However, if it is the latter, then there is no discernible violation of the Constitution or any law. That is, if we speak of the filling of a vacancy to serve the *balance of the former district attorney's term*, then the term at issue *is still four years*—the four years that began the former district attorney's term. As this would mean that the county officer in question continues to have a four-year term, there would be no constitutional infirmity under Article IX, Section 4 of the Pennsylvania Constitution.

16

occur, it does not tell us whether the individual elected at that municipal election is to serve a new term of office, or instead the balance of the unexpired term of his or her predecessor.

Although section 1404 of The County Code leaves us without an answer to the question before us, we are not without guidance. Again, we are aided by another provision of Article IX, Section 4 of the Constitution that Appellants have not highlighted. After specifying the term of office for county officers, and allowing for the filling of vacancies as provided by law, Article IX, Section 4 goes on to state a significant caveat: "Provisions for county government in this section shall apply to every county *except a county which has adopted a home rule charter* or an optional form of government." PA. CONST. art. IX, §4 (emphasis added). Because Luzerne County has adopted a home rule charter, it is the sort of county specified in Article IX, Section 4's caveat.

Although section 1404 of The County Code does not provide the answer we seek, Luzerne County's Home Rule Charter (Home Rule Charter) does. Section 11.05(H) of the Home Rule Charter provides, in relevant part, as follows:

> If a vacancy on County Council or in the office of Controller or District Attorney is declared during the first 18 months of a term, the appointee shall serve until the voters of the County fill *the unexpired term* at the next scheduled municipal primary or municipal general election occurring no sooner than the 13th Tuesday after the vacancy was declared.

Home Rule Charter §11.05(H) (emphasis added). This provision makes clear that the municipal election to fill the vacancy at issue in this case (which occurred during the first 18 months of the former district attorney's term) is to fill the "unexpired term" of

17

the predecessor.[12]   Here, that "unexpired term" is the approximately two years that will be remaining in former District Attorney Salavantis's term when District Attorney Sanguedolce takes office in January 2022.[13]

The Home Rule Charter lends further support for this view.   Section 303(B) of the Home Rule Charter, which Appellants cite for the proposition that district attorneys serve four-year terms, provides, in relevant part:

> The District Attorney shall be elected at the municipal general election in 2011 and every four years thereafter. . . . Except as may otherwise be provided for in this Charter or applicable law, all terms shall be four years.

Home Rule Charter §3.03(B).

To the extent that Appellants rely upon this section to emphasize that district attorneys must always receive four-year terms no matter when they are elected, it is noteworthy that this section states that this is the case "[e]xcept as may otherwise be provided for in this Charter . . . ." *Id.*  As noted above, section 11.05(H) of the same Home Rule Charter *otherwise provides* for municipal elections to fill a

---

[12] One might challenge the authority of the County to provide for this sort of procedure, and cite 53 Pa.C.S. §2962(a)(11) to invoke the limitation upon home rule charters with regard to "[t]he procedure for the filling of vacancies in the office of district attorney."  However, section 2962(a) only precludes uses of a home rule charter that are "contrary to or in limitation or enlargement of powers granted by statutes" applicable to such municipalities. *Id.* §2962(a).  As discussed above, the statute that is relevant to the filling of vacancies in the office of district attorney—section 1404 of The County Code, 16 P.S. §1404—does not speak to the issue of whether an individual elected at a municipal election to fill a vacancy in the office of district attorney is to serve a new term of office or instead is to serve the balance of the unexpired term of his or her predecessor.  As such, the above-discussed provisions of Luzerne County's Home Rule Charter, which do speak to that issue, are not contrary to section 1404 of The County Code.

[13] We say "when" District Attorney Sanguedolce takes office because he is running unopposed, rendering it effectively certain that he will prevail in the upcoming election.

18

vacancy and to serve the unexpired term, which in this case is a period of approximately two years, rather than four. Moreover, section 3.03(B) of the Home Rule Charter states that municipal general elections for district attorneys must occur in 2011 and every four years thereafter, namely 2015, 2019, 2023, 2027, and so on. If there is a vacancy and it is to be filled at the "next scheduled municipal primary or municipal general election" pursuant to section 11.05(H) of the Home Rule Charter, then the term contemplated *must* be the balance of the predecessor's unexpired term, or else this sequence would be disturbed.[14]

In sum, it is reasonable to conclude that District Attorney Sanguedolce is not slated to serve an unconstitutional or otherwise unlawful "truncated two-year term." (Appellants' Br. at 18.) Rather, it is wholly consistent with Article IX, Section 4 of the Pennsylvania Constitution, all applicable statutes, and Luzerne County's Home Rule Charter to conclude that District Attorney Sanguedolce is to be elected at the next municipal general election to fill the vacancy left by former District Attorney Salavantis, in accordance with section 1404 of The County Code and the applicable provisions of Luzerne County's Home Rule Charter, to serve the balance of former District Attorney Salavantis's unexpired four-year term of office.[15]

---

[14] For example, if Appellants were correct that any election to fill a vacancy, say, in 2021, must result in a new four-year term, then there would be no municipal election for district attorney in 2023 or 2027, in violation of section 3.03(B) of the Home Rule Charter. Sections 3.03(B) and 11.05(H) of the Home Rule Charter can only be harmonized if we conclude that, upon the occurrence of the vacancy contemplated in section 11.05(H), a municipal election is to be held, following which the winner serves the balance of the unexpired term left by the predecessor, until the January following the next regularly scheduled municipal general election for district attorney called for by section 3.03(B)

[15] At oral argument in this matter, there was a suggestion that Appellants would perhaps be satisfied if the November 2, 2021 election proceeded as planned, but the intended term of office be altered from two years to four years. There are several reasons why this may not occur. First, the
**(Footnote continued on next page…)**

19

As such, we conclude that Appellants have not established a "clear right to relief" and that they are "likely to prevail on the merits" of their contention that the upcoming municipal election must be enjoined on the basis of the intended length of District Attorney Sanguedolce's term of office. *SEIU*, 104 A.3d at 502. As noted above, we do not have the benefit of the trial court's precise reasoning on this issue, but it can be inferred that the trial court concluded that District Attorney Sanguedolce would be elected to serve the balance of former District Attorney Salavantis's unexpired four-year term of office, and we find that this conclusion is supported by applicable law. Therefore, the trial court had "apparently reasonable grounds" for refusing to enjoin the November 2, 2021 election, *Summit Towne Centre*, 828 A.2d at 1000, and we accordingly affirm the trial court's determination in this regard as well.

The order of the trial court is affirmed.

_____
PATRICIA A. McCULLOUGH, Judge

_____

**(continued…)**

preliminary injunction requested of the trial court was to enjoin the upcoming election from occurring at all, and Appellants' statement of the issues before us is framed in terms of the trial court's refusal to preliminarily enjoin the Luzerne County Board of Elections from conducting the election. That is, the relief requested is to stop the election, not to change its particulars. Second, as discussed in this opinion, we are not persuaded that Appellants' view of the issue relating to the length of District Attorney Sanguedolce's term of office is meritorious.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Luzerne County Council and Samuel M.          :
Sanguedolce, in his official capacity         :
as Luzerne County District Attorney,          :
                    Appellants                 :
                                               :
                                               :   No.  1088 C.D. 2021
            v.                                 :
                                               :
Luzerne County Board of Elections;            :
Denise Williams, in her official capacity     :
as Chair of the Luzerne County Board          :
of Elections; Missy Thomas, in her            :
official capacity as Vice-Chair of the        :
Luzerne County Board of Elections;            :
Richard Nardone, in his official capacity     :
as Member of the Luzerne County               :
Board of Elections; Kathryn Roth, in her      :
official capacity as member of the            :
Luzerne County Board of Elections; and        :
Audrey Serniak, in her official capacity      :
as Member of the Luzerne County               :
Board of Elections                            :

## *ORDER*

        AND NOW, this 28ᵗʰ day of October, 2021, the September 23, 2021

order of the Court of Common Pleas of Luzerne County is AFFIRMED.

                                    _____
                                    PATRICIA A. McCULLOUGH, Judge

Luzerne County Council and Samuel M. :
Sanguedolce, in his official capacity :
as Luzerne County District Attorney, :
          Appellants :
                              :
            v. :
                              :
Luzerne County Board of Elections; :
Denise Williams, in her official capacity :
as Chair of the Luzerne County Board :
of Elections; Missy Thomas, in her :
official capacity as Vice-Chair of the :
Luzerne County Board of Elections; :
Richard Nardone, in his official capacity :
as Member of the Luzerne County :
Board of Elections; Kathryn Roth, in her :
official capacity as member of the :
Luzerne County Board of Elections; and :
Audrey Serniak, in her official capacity :
as Member of the Luzerne County : No. 1088 C.D. 2021
Board of Elections : Argued: October 21, 2021

BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
             HONORABLE CHRISTINE FIZZANO CANNON, Judge
             HONORABLE ELLEN CEISLER, Judge

OPINION NOT REPORTED

CONCURRING OPINION
BY JUDGE FIZZANO CANNON         FILED: October 28, 2021

       I concur in the result only. I agree with the majority's conclusion to affirm the Court of Common Pleas of Luzerne County (trial court), but I respectfully

depart from the majority's analysis of authorities and legal principles I do not believe are applicable or controlling here.

Section 11.05(H) of the Luzerne County Home Rule Charter (HRC) succinctly provides, in pertinent part:

> If a vacancy . . . in the office of . . . District Attorney [(DA)] is declared during the first 18 months of a term, the appointee shall serve until the voters of the County fill the unexpired term at the next scheduled municipal primary or municipal general election occurring no sooner than the 13th Tuesday after the vacancy was declared.

Luzerne Cnty. HRC, § 11.05(H).[1] Here, a vacancy was declared less than 15 months into the term, which will expire following the 2023 election. The application of Section 11.05(H) makes clear that (1) a replacement DA must be elected in the November 2021 municipal election; (2) the HRC does not contemplate that a candidate for replacement DA must first appear on the primary ballot in order for the municipal election to be effective (for example, a vacancy declared only 13 weeks before a municipal election would necessarily be declared after that year's primary election had occurred; moreover, because Section 11.05(H) expressly distinguishes between a primary and a general election, stating that the voters will fill a vacancy at *whichever type of election* first takes place at least 13 weeks after the vacancy is declared, there is no need to inquire into the meaning of the term "municipal election" under the Election Code[2]); and (3) the DA elected will serve only until the end of the unexpired term, *i.e.*, until the January following the 2023

_____

[1] The Luzerne County Home Rule Charter can be found online at https://www.luzernecounty.org/DocumentCenter/View/15003/Revised-Home-Rule-Charter-2017 (last visited Oct. 28, 2021).

[2] Act of June 3, 1937, P.L. 1333, *as amended*, 25 P.S. §§ 2600-3591.

municipal election. Thus, although not cited by the parties or the trial court, Section 11.05(H) fully disposes of all issues.

The authorities cited by the parties and the trial court are inapplicable. Under Pennsylvania law, "[a] municipality which has adopted a home rule charter may exercise any powers and perform any function not denied by the Constitution of Pennsylvania, by statute or by its home rule charter." 53 Pa. C.S. § 2961. Luzerne Cnty. HRC, § 1.06. The constitutional and statutory provisions cited by the parties do not expressly deny Luzerne County's power to provide in its HRC for the filling of vacancies in the office of District Attorney. Therefore, Section 11.05(H) of the HRC is controlling.

Further, although I do not believe Section 11.05(H) is inconsistent with any provision of state law, Section 1.06 of the HRC expressly provides: "The provisions of this Charter shall supersede any state law which is inconsistent to the extent of the inconsistency, except where applicable law prevents a home rule charter from superseding state law." Luzerne Cnty. HRC, § 1.06. Thus, even if there were any inconsistency between Section 11.05(H) and any authority cited by the parties or the trial court, Section 11.05(H) would still control.

Accordingly, although I agree with the majority's conclusion that we should affirm the trial court's decision, that affirmance should be on the basis of Section 11.05(H) of the HRC rather than the analysis on which the trial court relied.

_____
CHRISTINE FIZZANO CANNON, Judge

CFC-3